1712.   GEORGIA RAILWAY & ELECTRIC CO. *v.* DAVIS.

1. In a suit by a passenger against a common carrier, for an illegal ejection from the conveyance because of his refusal to accede to a wrongful demand for fare, evidence that immediately after the ejection the passenger tendered a second fare and attempted to re-enter the conveyance is admissible, for the purpose of showing aggravating circumstances authorizing the recovery of punitive damages.

2. It is erroneous to instruct the jury that they can give compensatory damages for wounded feelings and additional punitive damages, in the event aggravating circumstances appear, for the purpose of deterring the wrong-doer or compensating the plaintiff for wounded feelings. There can be no double recovery of damages for the purpose of compensating the plaintiff for wounded feelings.

Action for damages, from city court of Atlanta—Judge Reid. January 14, 1909.

Argued March 31,—Decided October 5, 1909.

*Rosser & Brandon, Colquitt & Conyers,* for plaintiff in error.

*Westmoreland Brothers,* contra.

RUSSELL, J.   Davis entered one of the street-cars of the Georgia Railway & Electric Company for the purpose of going from his office in Atlanta to Decatur.   He was standing on the rear platform when the conductor collected his fare, which he paid with a five-cents piece.   The man standing by him handed the conductor a transfer.   The conductor returned to the interior of the car and in a few moments came back and told Davis the transfer was out of date, and he would have to pay his fare.   Davis replied that he had already paid his fare once; that he had not given

the conductor the transfer, but that the man standing by him had done so. The conductor still insisted that he would either have to pay his fare or get off the car. Davis refused to pay a second fare, and the car was stopped and he was ejected. According to the plaintiff's testimony, as the car was starting off again he reached in his pocket and pulled out another nickel and told the conductor that he was in a hurry, and so would pay his fare a second time rather than be delayed. The conductor refused to permit him to re-enter the car, and pushed him off in the mud. The mud got on his clothes. The car was crowded at the time. The passengers on the car and the street-car employees denied that the plaintiff tendered a second fare or attempted to re-enter the street-car Davis recovered a verdict against the street-car company for $400. It does not appear that he suffered any pecuniary damage by reason of his failure to arrive at destination on the car from which he was ejected.rather than the next one.

The street-car company excepts to the overruling of its motion for a new trial, in which the complaint is made that the judge erred in admitting evidence as to the plaintiff's attempt to board the car a second time after he had been ejected, and also that in the charge of the judge the jury were instructed that they might give double damages for wounded feelings.

1. There was no error in admitting the evidence to which exception is taken. If the ejection of the plaintiff was illegal (and under his evidence it was), the refusal of the conductor to allow him to return to the car from which he had been wrongfully ejected was a circumstance which the jury could consider in determining whether or not the plaintiff was entitled to recover punitive damages. It has been held that where a passenger has refused a rightful demand for fare, he can not avoid expulsion by tendering the fare after the train has been stopped. *Georgia Southern & Fla. Ry. Co.* v. *Asmore,* 88 *Ga.* 529 (15 S. E. 13, 16 L. R. A. 53). Of course, if the demand for fare is wrongful, this case is not at all in point. After the plaintiff had been illegally ejected from the conveyance, the carrier refused to allow him to re-enter, although he was willing to pay his fare a second time. This was a circumstance of aggravation tending to show that the ejection was made in bad faith, authorizing the recovery of punitive damages. Civil Code, §§ 3906, 3907.

2. The exceptions to the charge of the judge raise the question as to whether compensatory damages may be assessed for wounded feelings, and then, in addition, punitive damages, either to deter the wrong-doer from repeating the tort, or as compensation for the wounded feelings of the plaintiff. The judge charged the jury as follows on the question of damages: "If you believe he [the plaintiff] has a right to recover, then you would look at the evidence and determine the nature and character of the occurrence. Was there anything in it tending to wound his feelings? Were the circumstances and surroundings such as to cause him humiliation, or cause a reasonable man in his place humiliation, regarding it reasonably and fairly? Then you would pass on the question as to any injury to his feelings, and, desiring to be fair and just to both parties and not oppressive to the defendant, you would give to the plaintiff, on this specification, just such sum as you think would fairly compensate him for his wounded feelings; that is pay for it. The law declares that as to this class of damages there is no standard by which to measure it, except the enlightened conscience of impartial jurors. . . It is also alleged in the declaration that after the plaintiff was off the car, he sought at once to get back on it, tendering the money for a second fare, and the agents and officers in charge of the car refused to allow him to do so. This was admitted for your consideration, not to allow further and special damage, if he recovers at all, on account of the refusal to let him get back on the car, but to illustrate for your consideration, so far as it would do so, the general character of his expulsion or ejection, if he was ejected, and whether it was a final or complete ejection or not, it being contended that it was all one and the same transaction. If the plaintiff recovers, then, gentlemen, you consider the instructions given you as to the specifications of damage for his wounded feelings and humiliation. Then you would go to a consideration of the question as to whether you would allow additional damages, and this is a question exclusively for you, under the law as I shall give it to you. The law declares that in every tort (and if Mr. Davis was illegally ejected from the car it was a tort upon him) there may be aggravating circumstances either in the act or in the intention, and in that event the jury may give additional damages either to deter the wrong-doer from repeating the trespass, or as compensation for

the wounded feelings of the plaintiff." It will be seen that this charge instructed the jury that they could give compensatory damages for wounded feelings and then in addition give punitive damages as compensation for the wounded feelings. It was held in the case of *Southern Ry. Co.* v. *Jordan,* 129 *Ga.* 665 (59 S. E. 802), that there could be no double finding of damages for wounded feelings, and a new trial was granted for an error substantially identical with that involved in the present case. The law does not allow a man to be compensated twice for his wounded feelings; and the jury can not, after giving him the sum which their enlightened consciences tell them will fairly compensate for wounded feelings, give an additional sum under the head of punitive damages, for the purpose of compensating him for wounded feelings. If in any event both compensatory and punitive damages may be recovered for wounded feelings, the punitive damages should be assessed for the purpose of deterring the wrong-doer, and not for the purpose of compensating the plaintiff. It is probable that the trial judge did not actually intend to tell the jury that they could allow double damages for wounded feelings as compensation to the plaintiff, and yet he did actually tell them so. We are not convinced that the jury were misled by this erroneous charge into giving larger damages than they would have given if the correct principle had been stated to them, and yet it does not conclusively appear that this is not so. Under our system, therefore, a new trial must be granted.

*Judgment reversed.*