2293, 2294. SMITH *v.* MADDOX-RUCKER BANKING COMPANY, and *vice versa.*

1. The trial judge has the discretion of granting a new trial on the ground that the verdict is excessive, when his mind and conscience disapprove the verdict as rendered, though the verdict is not so large in amount as

to carry conviction of bias and prejudice on the part of the jury, and though the case is one in which the only measure of damages is the enlightened conscience of the jury.

2. Ordinarily, when the judgment on the main bill of exceptions is affirmed, the cross-bill of exceptions is dismissed; but this result does not follow when the effect of the affirmance on the main bill is to require a new trial, and the cross-bill presents matters likely to be up for ruling on that trial.

3. A post-dated check (i. e., a check dated at a time in future) is not subject to payment or acceptance until the time of its date arrives. If it be presented at a time in advance of its date, the drawee, even if he has funds on hand sufficient to pay it, can not pay it, or retain the funds to pay, as against other checks or drafts presented and payable prior to its date. The drawer of a post-dated check does not undertake to have the funds in the drawee's hands to meet it before the time it bears date arrives.

DECIDED SEPTEMBER 28, 1910.

Action for damages; from city court of Atlanta—Judge Reid. October 30, 1909.

*R. B. Blackburn,* for plaintiff.

*Smith, Hammond & Smith,* for defendant.

POWELL, J.    Smith sued the bank for general damages resulting to him from the wrongful protest of two checks drawn by him on his bank account.    He had a deposit account with the defendant bank, and on April 7, 1905, he had a sum to his credit.    On that day he drew a check for $140.58, payable to an insurance company, but dated it May 7, 1905.    This check came into the bank on April 17, and was charged to his account.    In the meantime he drew other checks, not sufficient, however, to have overdrawn his account if the post-dated check for $140.58 had not been charged in; but his account did become apparently overdrawn by the charging in of this check; and when the two checks in question came in they were protested for lack of funds.    The point is that the check for $140.58, being dated May 7, 1905, should not have been charged to his account prior to that date, and the two checks that were protested should have been paid

The jury found in favor of the plaintiff a verdict for $400. The defendant filed a motion for a new trial, containing several grounds.    The judge granted a new trial, stating in his order, that he granted it in two of the grounds only, the first and the third. The first ground is that the verdict is excessive.    We need not set out the third ground.    It related to a request to charge.    We may say, in passing, that we see no reason for granting a new trial on

that ground.     The plaintiff sued out a bill of exceptions complaining of the grant of a new trial.     The defendant filed a cross-bill, complaining that the court should have granted the new trial on all the grounds, and not merely on the first and the third.

In this court the plaintiff in error contended that as the sole measure of damages was the enlightened conscience of the jury, subject only to the legal limitation that the verdict should be temperate in amount (no special damages or malice being shown), the trial judge had no right to grant even the first new trial on the ground that the verdict was excessive, it not being so large as to indicate bias or prejudice on the part of the jury.     This court held, in *Holland* v. *Williams*, 3 *Ga. App.* 636 (6 S. E. 331), that even in cases where the enlightened conscience of the jury is the only measure of damage, the trial judge has the right to grant one new trial as a matter of discretion, and that it is his duty to do so if his mind and conscience disapprove of the amount found, even though it be not so large as to suggest bias or prejudice on the part of the jury.     Counsel for the plaintiff in error called our attention to the fact that our decision was in conflict with the decision of the Supreme Court in *Brown* v. *Autrey*, 78 *Ga.* 756 (3 S. E. 669).     Seeing that this was so, but believing that our decision was in accordance with a long line of decisions rendered by the Supreme Court, both prior and subsequently to the case of *Brown* v. *Autrey*, we certified the question to the Supreme Court.     That court has filed instructions (135 *Ga.*, 68 S. E. 1031) approving the holding of this court in the case of *Holland* v. *Williams*, supra.     It follows that the main bill of exceptions is without merit.

Ordinarily, when the judgment on the main bill of exceptions is affirmed, the cross-bill is to be dismissed; but under the decision of the Supreme Court in the case of *Thornton* v. *Travelers Ins. Co.*, 116 *Ga.* 121 (42 S. E. 287, 94 Am. St. R. 99), this result does not follow where the effect of the affirmance on the main bill is to require a new trial, and the matters in the cross-bill will likely arise on that trial.     Hence, we pass on the questions presented in the cross-bill.     A post-dated check (i. e., a check dated at a time in future) is not subject to payment or acceptance before the time of its date arrives.     If it be presented at a time in advance of its date, the drawee, even if he has funds sufficient to pay it, can not pay it, or retain the fund to pay it, as against other checks or

drafts presented prior to the time the check bears date. The drawer of the post-dated check does not undertake to have the funds in the drawee's hands to meet it before the time it bears date arrives. Joyce, Defenses to Commercial Paper, § 490, and authorities there cited.

*Judgment affirmed on both the main and the cross-bill of exceptions.*