## JOHNSON *v.* MORRIS.

In an action to recover damages for an aggravated assault and battery, it is error for the trial judge to instruct the jury that, if they should find the assault unprovoked and aggravated, they may give to the plaintiff such damages as their enlightened consciences may dictate, to punish the defendant and deter him from similar acts in the future. In a tort, accompanied with aggravating circumstances, the jury may give

additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff, but not to punish the defendant, nor for both of the above-named purposes.

No. 3937. June 11, 1924.

Certiorari; from Court of Appeals. 30 *Ga. App.* 673.

*Nathan Harris*, for plaintiff in error. *C. H. Porter*, contra.

HINES, J. This case is here on certiorari to review the judgment of the Court of Appeals, which is found in *Johnson* v. *Morris*, 30 *Ga. App.* 673 (118 S. E. 766). To clearly understand the questions of law raised by this certiorari, it is necessary to make a brief statement of the case. Morris sued Johnson for an injury to his person, resulting from an assault and battery, which he alleged was committed under the following circumstances of aggravation: There was a collision on a public street in the City of Rome between a big automobile driven by one Powers and a small car driven by Johnson. These cars were going in opposite directions. The car of Johnson was demolished. Morris, who was driving a truck behind the automobile of Powers, and going in the same direction when the wreck happened, went first to the car of Powers, to see if he was hurt, and, finding that Powers was not hurt, went back to the car of Johnson to see if he was hurt. Just as Morris went to the car of Johnson, the latter came out from under his car and around to its front. Morris had not said a word to Johnson, and was doing absolutely nothing to him, but was going to his aid. Without saying a word, Johnson struck Morris across the head with an automobile crank. Morris was knocked down, and was dazed or rendered unconscious from the lick. The purpose of Morris in going to the car of Johnson was to render the latter any help and service which he could. On the trial the judge charged the jury as follows: "In the event you should find there were aggravating circumstances in this assault, if there was an assault, if you should find the assault was unprovoked and aggravating in its nature, and the plaintiff suffered humiliation and mortification on account of it, then you might be authorized to go further and give the plaintiff damages—what is known as punitive or exemplary damages, such damages as your enlightened consciences might dictate to you, to punish him and deter him from similar acts in the future, in the event you find that the assault was unprovoked and aggravating in its nature, as

alleged in the petition." In his motion for new trial the defendant excepted to this charge, on the grounds, among others, (1) that it was inapplicable under the pleadings and evidence; and (2) that the court erred in charging the jury that, if they found there were aggravating circumstances in this assault, they might give punitive or exemplary damages, to punish the defendant and to deter him from similar acts in the future. The Court of Appeals, in its decision, held that this instruction was applicable under the pleadings and evidence, and was not subject to any of the exceptions taken thereto. So we are called upon to determine whether. this instruction to the jury was subject to any of the exceptions. Under the pleadings and evidence, we think the trial judge was authorized to submit to the jury the principle of law embraced in section 4503 of the Civil Code; but we are of the opinion that he erred in giving the instruction on this subject set out above, and the Court of Appeals should not have approved this instruction, for the reason which we will now give.

Our Civil Code declares: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff." Under this section of the Code the jury, in awarding damages for a tort which is pregnant with aggravating circumstances either in the act or the intent, may, in addition to compensating the plaintiff for the injury done, give additional damages for the purpose of deterring the wrong-doer from repeating the injury, or as compensation for the wounded feelings of the plaintiff. Under this section the jury is not authorized to assess damages as a punishment for the wrong done. They can only award such additional damages to deter the wrong-doer from repeating the trespass or injury, or as compensation for the wounded feelings of the injured party. To deter is one thing. To punish is another and different thing. To award damages to prevent the wrong-doer from repeating the trespass, or to compensate the plaintiff for his wounded feelings is one thing. To do both is quite another thing. The jury cannot assess damages for the double purpose of punishment and prevention. This is the plain meaning of this section; and this is the construction which this court has placed thereon. *Ratteree* v. *Chap-*

*man,* 79 *Ga.* 574 (4 S. E. 684) ; *Chattanooga &c. R. Co.* v. *Liddell,* 85 *Ga.* 482, 496 (11 S. E. 853, 21 Am. St. R. 169). Besides, the jury might have inferred from this instruction that they would be authorized to award the plaintiff damages for his humiliation and mortification, due to the defendant's assault and battery, and also damages to punish and deter him from repeating the trespass or wrong. This section of our Code does not provide for the award of such double damages. *Southern Ry. Co.* v. *Jordan,* 129 *Ga.* 665 (59 S. E. 802) ; *Georgia Ry. &c. Co.* v. *Davis,* 6 *Ga. App.* 645 (65 S. E. 785). So we feel constrained to reverse the judgment of our able brethren of the Court of Appeals.

<div align="center">

*Judgment reversed. All the Justices concur.*