29580. JOHN DEERE PLOW COMPANY v. HEAD.

DECIDED DECEMBER 4, 1942.

*Jones, Powers, Williams & Dorsey, Wilson, Bennett, Pedrick & Bennett,* for plaintiff.  *C. A. Williams,* for defendant.

SUTTON, J.  John Deere Plow Company instituted a purchase-money attachment against B. J. Head trading as the American Plant Company.  The attachment was against a certain described tractor and harrow, alleged to be in the possession of the defendant.  The attachment was made returnable to the superior court of Macon County.  The plaintiff filed its declaration in attachment and alleged that the defendant was indebted to it in the sum of $670 as the purchase money for such tractor and harrow, and that the defendant had executed certain retention-of-title notes to evidence such purchase money which were attached to and made a part of the declaration.  The defendant filed his answer and admitted that he was indebted to the plaintiff company on such retention-of-title notes for the purchase money of the tractor and harrow.  The defendant further alleged that the plaintiff was a non-resident company and that the plaintiff was indebted to him in the sum of $2500 for the reason that an agent of the plaintiff, whose duty it was to make collections of money for the plaintiff, had come to the defendant's home to effect the collection of the notes, and while there this agent had cursed and abused the defendant and had come upon the defendant's premises without authority and chased the defendant, threatening and abusing and assaulting him, and without the defendant's consent this agent forcibly took the tractor from the defendant's field, taking down and damaging the defendant's fence in so doing, all of which amounted to a trespass and caused the defendant to become frightened and to suffer embarrassment and wounded feelings, as the result of which the defend-

ant is entitled to recover of the plaintiff punitive damages.

On the trial there was evidence from which the jury was authorized to find that the plaintiff's agent had committed the acts of trespass alleged, with the exception of actually laying his hands upon the defendant in violence. There was evidence to the effect that such agent had chased the defendant with an upraised fist, and had threatened him as well as cursed and abused him, and that this grew out of and resulted from the effort of the plaintiff's agent to effect a collection of the notes sued on. There was no evidence of any actual physical injury to the defendant. There was evidence that the plaintiff's agent, without the defendant's consent and after cursing and abusing him as stated, went into the defendant's field adjacent to his home and caused the tractor to be driven out of the field and up a public street, tearing or pulling down the defendant's wire fence in order to drive the tractor out of the field.

The jury found a verdict for the defendant against the plaintiff in the sum of $242.10. Since the defendant did not dispute the indebtedness to the plaintiff of $670 and interest sued for, except as offset by the defendant's alleged damage against the plaintiff, but sued the plaintiff in the sum of $2500 as damages for the alleged tort by the plaintiff on the defendant, and prayed that a sufficiency of the amount recovered by the defendant against the plaintiff "be applied in extinguishment of the principal and interest due plaintiff on said tractor notes" by the defendant, and that the defendant have judgment against the plaintiff for the excess thereof, the verdict found for the defendant against the plaintiff in the sum of $242.10 was equivalent to a verdict for the defendant against the plaintiff for $242.10 plus $670 plus $87.90 interest—a verdict for the defendant in the sum of $1000.

The plaintiff moved for a new trial on the general grounds and by amendment added certain special grounds in which it excepted to certain charges of the court on the question of damages, and on the ground that the verdict finding in favor of the defendant was so excessive as to justify the inference of gross mistake or undue bias. The trial judge rendered the following order on the motion for new trial: "It is considered, ordered and adjudged by the court, that if said defendant shall within three days from this date write off $250, thereby reducing same to $750, said writing to be

filed in the office of the superior court of said county, as a part of the record in said case, plaintiff's motion for a new trial is over-. ruled and denied; otherwise, plaintiff's motion for a new trial is granted and allowed." The defendant, within the time required, complied with the above condition and wrote off from the verdict the sum of $250. This amounted to a finding in favor of the defendant in the sum of $750, which, deducted from the amount of $757.90, principal and interest, due by the defendant to the plaintiff, left a balance of $7.90 in favor of the plaintiff.

1. The court charged the jury as follows: "Punitive damages are damages which are given to deter a future and similar occurrence, and also as damages for the wrong committed under peculiarly provoking circumstances, that is, provoking as far as the plaintiff is concerned, which would be so far as the plaintiff in cross-bill in this case is concerned." This charge was error for the reason that under the Code, § 105-2002, punitive, or more properly, exemplary damages may be given, in every tort where there are aggravating circumstances, "either to deter the wrongdoer from repeating the trespass *or* as compensation for the wounded feelings of the plaintiff" (italics ours), but the charge, as given, was calculated to cause the jury to believe, as contended by the plaintiff in error in one of its special grounds in the motion for new trial, that they could award exemplary damages to deter the wrongdoer and also exemplary damages as compensation for the wounded feelings of the plaintiff, that is, double damages as exemplary damages, which are not allowable. *Johnson* v. *Morris,* 158 *Ga.* 403 (123 S. E. 707).

2. The other special grounds of the motion for new trial, complaining of certain excerpts of the charge of the court, are without merit.

3. Inasmuch as the case is being remanded for another trial on account of the error dealt with in the first division of this opinion it is unnecessary to pass on the special ground complaining that the verdict for the defendant was excessive or to pass on the general grounds of the motion for new trial.

*Judgment reversed. Felton, J., concurs. Stephens, P. J., dissents.*

FELTON, J., concurring specially. My interpretation of the cross-action is that it is for damages for a wrong, the injuries from

which were solely to the peace, happiness, and feelings of the defendant, in which event only vindictive damages may be recovered, under Code § 105-2003, at least so far as wounded feelings are involved. The defendant's denomination of his damages as "punitive" would not defeat recovery or authorize damages not permitted by law. The charge of the court dealt with in the first division of the opinion was incorrect as an abstract principle of law, but if it had been given correctly it would have been error in this case for the reason that punitive damages for wounded feelings can not be awarded in addition to vindictive damages. For this reason the court also erred in charging the jury as follows: "In every tort there may be aggravating circumstances either in the act or the intention, and if the jury find there were such aggravating circumstances they may give additional damages either to deter the wrongdoer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff in cross-bill." *Southern Railway Co.* v. *Jordan,* 129 *Ga.* 665 (59 S. E. 802); *Georgia Railway & Electric Co.* v. *Davis,* 6 *Ga. App.* 645 (65 S. E. 785); *Franklin* v. *Evans,* 55 *Ga. App.* 177 (189 S. E. 722). I am also of the opinion that the court erred in refusing a new trial on condition that the defendant write off a part of the verdict found for him, *Central of Georgia Railway Co.* v. *Perkerson,* 112 *Ga.* 923 (38 S. E. 365, 13 L. R. A. 210); *Seaboard Air-Line Railway* v. *Randolph,* 129 *Ga.* 796 (59 S. E. 1110).

STEPHENS, P. J., dissenting. The defendant admitted the alleged indebtedness to the plaintiff and in a cross-action prayed damages in tort against the plaintiff. The plaintiff excepted to the judgment overruling its motion for new trial.

The court charged the jury: "Punitive damages are damages which are given to deter a future and similar occurrence, and also as damages for the wrong committed under peculiarly provoking circumstances, that is, provoking as far as the plaintiff is concerned, which would be so far as the plaintiff in cross-bill in this case is concerned." This excerpt is assigned as error in that it authorized the jury to find "double damages for the same wrong, namely, to deter a future and similar occurrence and also as damages for the wrong committed." The court did not charge, either expressly or by any reasonable construction which could be placed on the language, that there could be a recovery to deter a future

and similar occurrence where the wrong is based on aggravating circumstances, and also other and additional damages where the wrong is committed "under peculiarly provoking circumstances." The language of the court must necessarily be construed as instructing the jury that only one damage could be recovered, and that was damage to deter a future and similar occurrence where the wrong was committed under peculiarly provoking circumstances. The charge as to recovery of damages under such conditions as were narrated by the court was a correct statement of the law. Code § 105-2002. The court did not state that where there are aggravating circumstances there may be a recovery in addition to compensatory damages, damages "either to deter the wrongdoer from repeating the trespass" *and* "as compensation for the wounded feelings of the plaintiff." This manifestly would have been error, because, as provided in the Code, § 105-2002, where there have been aggravating circumstances the jury may give damages either to deter the wrongdoer from repeating the trespass "*or*" as compensation for the wounded feelings of the plaintiff. There can be no recovery of damages in conjunction to deter the wrongdoer from repeating the trespass and as compensation for the wounded feelings of the plaintiff. *Johnson* v. *Morris,* 158 *Ga.* 403 (123 S. E. 707), is authority for this last proposition. This case, however, is not authority for the exception to the charge given, quoted above, namely, that the charge as quoted and excepted to authorized "double damages for the same wrong, namely, to deter a future and similar occurrence and also as damages for the wrong committed."

While the court charged the jury that while mental suffering, unaccompanied by injury to purse or person, affords no basis of an action predicated on wrongful acts merely negligent, yet such damage may be recovered where the plaintiff has suffered a wanton, voluntary or intentional wrong, the natural result of which is the causation of mental suffering and wounded feelings, and that the jury should look to the evidence to determine whether or not the plaintiff was entitled to recover for wounded feelings on account of the alleged trespass or the alleged assault, and that the only damages sought by the plaintiff were punitive damages, which the court defined in the precise words already quoted above as the definition of punitive damages, the court did not anywhere instruct the jury

that where the circumstances were aggravating, the jury could give such damages, i. e., one damage to deter the wrongdoer and another damage as compensation for wounded feelings.

None of these charges contained an instruction that the defendant could recover double damages for one wrong. The court elsewhere charged the correct rule that "in every tort there may be aggravating circumstances either in the act or in the intention, and if the jury found that there were such aggravating circumstances they may give additional damages either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff in cross-action." This charge was not error for any of the reasons assigned.

I do not agree to the calculation that the verdict against the plaintiff, after the verdict was written off, was in the sum of $7.50. I am of the opinion that the verdict is for $750. I am of the opinion that no error appears, and that the judgment should be affirmed.