## 36484. HAYES *v.* DICKS.

QUILLIAN, J. Where, as in this case, the evidence was conflicting and a verdict was not demanded, this court will not disturb the first grant of a new trial. This is true even though the trial judge may have based his grant of a new trial on a special ground of the motion therefor. The verdict not being demanded, the judgment granting a first new trial will be affirmed without deciding the special grounds of the motion for new trial. Code § 6-1608; *Buchanan* v. *Nash,* 211 *Ga.* 874 (1) (89 S. E. 2d 637); *Belk* v. *Cook,* 51 *Ga. App.* 163 (1) (179 S. E. 870); *Throgmorton* v. *Trammell,* 90 *Ga. App.* 433 (83 S. E. 2d 256).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

DECIDED JANUARY 24, 1957.

*Congdon & Leonard,* for plaintiff in error.

*Harris, Chance & McCracken, Otis W. Harrison,* contra.

Edward P. Dicks, Sr., filed an action in Richmond Superior Court against Miss Connie Hayes for damages arising out of a collision between an automobile driven by the plaintiff and one driven by the defendant. The petition alleged in substance: that on July 2, 1955, at about 3 o'clock, p. m., petitioner was driving a 1949 Hudson sedan, the property of Catherine M. Dicks, in an easterly direction on Bransford Road in the City of Augusta, Georgia; that petitioner at that time entered the intersection of Bransford Road, Lombardy Court and Buena Vista Road, continuing on into Lombardy Court, and had almost cleared the intersection, and was now and at all times alleged in the petition traveling at a speed of 15 to 20 miles an hour; that Miss Connie Hayes was driving a 1941 Oldsmobile sedan, proceeding in a northerly direction on Buena Vista Road; that the car driven by

Miss Hayes was the property of Ralph Youngblood and was being driven by her with his consent and at his direction and at the time of the collision alleged she was the agent of Youngblood and acting within the scope of her agency; that petitioner had almost cleared said intersection when the defendant negligently, recklessly and carelessly struck petitioner's automobile on its right rear portion; that the resulting impact was so violent it turned petitioner's automobile over and pushed it across the street and up against a light pole on the northeastern corner of Lombardy Court and Buena Vista Road; and that the specific acts of negligence committed by the defendant consisted of (a) failing to have said automobile under control so as to avoid colliding with petitioner, (b) driving into petitioner's automobile when it was clearly visible to the defendant or should have been had she been exercising any degree of care, (c) failing to keep a lookout ahead, (d) exceeding the lawful speed limit, and (e) failing to apply brakes or to reduce the speed of her car so as to avoid colliding with petitioner.

The defendant filed her answer in which she denied all the substantial allegations of the petition and alleged that the vehicle driven by the defendant entered the intersection of Buena Vista Road, Lombardy Court, Lake Forest Drive and Bransford Road at about the same time as the plaintiff and that the defendant's car was approaching on the right of the car driven by the plaintiff, which latter was on the left of the car driven by the defendant, and that it was the duty of the plaintiff to yield the right of way at such intersection to the defendant in accordance with subdivision (b) of section 38 of chapter 20 of the City Code of Augusta for 1952, as follows: "When two vehicles enter an intersection from different streets at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right." The defendant further alleged that the vehicle driven by her was clearly visible to the plaintiff and it was apparent to him, or should have been in the exercise of ordinary care, that both vehicles would enter the intersection at about the same time, but the plaintiff did not slow down or stop his vehicle but, in violation of the city law quoted, drove his car out of Bransford Road and into Buena Vista Drive directly in

the path of the defendant's approaching car, and the damage complained of was proximately caused by the negligent operation of the car driven by the plaintiff.

Upon the trial the plaintiff testified that he was proceeding east on Bransford Road and stopped at a street corner which immediately precedes the intersection of Bransford Road and Buena Vista Avenue; that he then continued in second gear to the intersection of Bransford Road and Buena Vista Avenue, where he stopped and looked both ways; that everything was clear and he proceeded on at about 10 or 12 miles per hour; and that he never saw the automobile which collided with his as he was crossing Buena Vista Avenue. L. Hutto, a police officer, testified that the speed limit was 30 miles an hour at the intersection where the collision occurred; that the defendant stated to him she did not see the plaintiff's car until the collision; and that the plaintiff's car was struck on the right side at about the middle. Thomas Dicks testified that he arrived at the scene of the accident just as the ambulance was leaving; that he asked the defendant"How did the accident happen?" and the defendant replied "I don't know, never did see him, don't know how it happened, never did see the car"; and that he asked her the same question in the emergency room and she gave the same reply.

Miss Hayes, the defendant, testified that she was driving about 30 miles an hour; that she saw the plaintiff's car before the collision; that the plaintiff neither slowed down nor stopped before the collision; and that she had not stated she did not see the plaintiff's car before the collision. Miss Joy Williams testified that she was riding with the defendant and saw the plaintiff's car prior to the collision; that the plaintiff was going about 30 miles an hour and did not stop before entering the intersection; that the defendant was traveling about 30 miles an hour; and that she never heard the defendant state that she did not see the plaintiff's car prior to the collision.

The jury found a verdict for the defendant. The plaintiff made a motion for new trial which was granted. The defendant excepts to that ruling.