## 38147. DENNARD v. STYLES.

CARLISLE, Judge. This case was previously before this court on exceptions to the refusal of the trial court to grant a new trial to the plaintiff. See *Styles* v. *Dennard*, 97 *Ga. App.* 635 (104 S. E. 2d 258). This court reversed the judgment of the trial court and the case was remanded for another trial, on which the judgment was again for the defendant. The plaintiff again made a motion for a new trial on the general grounds and on five special grounds. The trial court granted a new trial on the general grounds and on special grounds numbered 4, 7 and 8. The exception here is to that judgment.

1. The grant of the new trial in this case by the trial judge on the general grounds and on three special grounds was the first exercise of the discretion of the trial judge and, unless the evidence demanded a verdict for the defendant, the appellate courts will not reverse that judgment. *Kuhnen* v. *Postal Telegraph Cable Co.*, 135 *Ga.* 390 (69 S. E. 554); *Green* v. *Stafford*, 214 *Ga.* 830 (108 S. E. 2d 271); *Throgmorton* v. *Trammell*, 90 *Ga. App.* 433 (2) (83 S. E. 2d 256). It is sufficient to say with regard to the grant of the motion on the general grounds that the evidence did not demand the verdict for the defendant. The evidence, which was substantially the same as on the former trial with regard to the question of agency and as to the negligence of the agent at the time of the collision which resulted in the injuries to the plaintiff, did not demand a verdict for the defendant, and under the ruling of this court on the former appearance of the case, wherein it was held that the evidence demanded a verdict for the plaintiff in some amount, this court cannot say that the trial court abused its discretion in granting a new trial on the general grounds.

2. Since the enactment of the act of 1957, approving the amendment to the Rules of Practice & Procedure (Ga. L. 1957, p. 224 et seq.), and particularly Sec. 2 thereof, the rule applied in *Hayes* v. *Dicks*, 95 *Ga. App.* 11 (96 S. E. 2d 627), is no longer applicable in cases of this kind, and it, therefore, becomes necessary to consider the rulings made by the trial judge in granting a new trial on the special grounds if it appears that such questions may recur on another trial.

3. The first special ground of the motion for a new trial, numbered 4, assigns error on a lengthy portion of the charge on agency

on the ground that it fails to state a controlling principle of law requested by the movant and set forth in this ground, which request it is contended was a correct and applicable principle of law. "It has been repeatedly held by both this court and by the Supreme Court that an instruction correct in and of itself is not rendered erroneous by the mere failure of the trial court to give in connection therewith also another pertinent and legal instruction. *Seaboard Air-Line Ry.* v. *Randolph,* 136 *Ga.* 505 (3), 509 (71 S. E. 887) ; *Morgan* v. *Brown,* 71 *Ga. App.* 401 (2) (31 S. E. 2d 208); *Belvin* v. *Beard,* 77 *Ga. App.* 681 (2), 685 (49 S. E. 2d 546)." *Burton & Class* v. *Connell,* 84 *Ga. App.* 106, 109 (2) (65 S. E. 2d 620). Accordingly, this ground of the motion did not constitute a sufficient assignment of error to authorize the grant of a new trial thereon, and it was, therefore, error for the trial judge to base the judgment granting a new trial on this ground.

4. While differing in minor details, the evidence on the second trial, as stated above, was substantially the same as the evidence on the former trial, as reported in the opinion in *Styles* v. *Dennard,* supra. The defendant admitted on cross-examination that the driver Thomas was employed by him to drive his taxicab, and the other evidence, when considered together with this admission, demanded a verdict for the plaintiff against the defendant Dennard in some amount. Accordingly, the trial judge erred in so charging the jury as complained of in special grounds 4 and 5 (numbered 7 and 8) so as to submit to them any issue as to the agency of Thomas. The instructions complained of in these grounds being thus unauthorized by the evidence were probably harmful and prejudicial to the plaintiff, and probably influenced the jury in rendering the verdict against the plaintiff. Accordingly, the trial judge did not err in granting a new trial on special grounds 4 and 5.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED APRIL 5, 1960.

*Reuben A. Garland,* for plaintiff in error.

*Walter B. Fincher, J. Ray Merritt, Glyndon C. Pruitt,* contra.