## 49138. McLAUGHLIN v. THE STATE.

Pannell, Judge.

Appellant was convicted of voluntary manslaughter. A motion and amended motion for a new trial were overruled by the trial court and appellant appeals.

1. Appellant enumerates that the verdict is (1) contrary to the law, (2) contrary to the evidence, and, (3) that the court erred in failing to direct a verdict for the defendant. On appeal we are compelled to construe the evidence in support of the verdict. *Ryder v. State,* 121 Ga. App. 796, 798 (175 SE2d 882). Suffice it to say that the evidence at trial, while conflicting, will support the jury's verdict. The refusal of the trial judge to direct a verdict of acquittal was not error as it was not demanded as a matter of law. The enumerated errors are without merit.

2. Appellant complains that the trial court improperly withdrew a portion of the charge to the jury concerning a partial charge as to impeachment. Following the charge, appellant's counsel objected and the trial judge asked if it was desired to have the jury recalled so that he could tell them to disregard the charge. Counsel replied "Well, we might as well." The charge was duly withdrawn, the jury's attention invited specifically to the objectionable portion of the charge and,

the jury again was directed distinctly and unequivocally, to disregard it and not to consider it. The procedure employed by the trial judge was in accord with the error curing practice approved in *Central of Ga. R. Co. v. Ray,* 133 Ga. 126 (1) (65 SE 281), and we find no error. However, appellant urges that this was an incorrect procedure and that the entire charge should have been withdrawn and a new charge given. We know of no authority which compels such action and we are furnished no authority for the proposition. No request for recharging was made at trial, nor do we discern any prejudice to the appellant in any event. Cf. *Walker v. State,* 226 Ga. 292, 294 (174 SE2d 440).

   3. The remaining enumeration of error is without merit.

   *Judgment affirmed. Eberhardt, P. J., concurs. Evans, J., concurs specially.*

ARGUED MARCH 6, 1974 — DECIDED JUNE 12, 1974.

   *Robert L. Ridley,* for appellant.

   *Lewis R. Slaton, District Attorney, Joel M. Feldman, Isaac Jenrette, Morris H. Rosenberg,* for appellee.

EVANS, Judge, concurring specially.

   I concur in the judgment and in the opinion. The "remaining enumeration of error" referred to in Division 3 was a contention by defendant that the evidence demanded a finding that he was not and could not be guilty of *fleeing the scene,* as he left voluntarily and one hour later gave himself up at the police station. It was for a jury to determine as to whether this conduct constituted fleeing the scene.