49367. BLANCHARD v. WESTVIEW CEMETERY, INC.

STOLZ, Judge.

The plaintiff widow brought a tort action against the defendant cemetery for the alleged unauthorized and unlawful moving of the body of her late husband and the

monument, from one grave site to another. For a statement of the facts in the case, see *Blanchard v. Westview Cemetery,* 124 Ga. App. 195 (183 SE2d 399), in which this court affirmed the grant of a summary judgment for the defendant. On certiorari, the Supreme Court reversed our judgment, *Blanchard v. Westview Cemetery,* 228 Ga. 461 (186 SE2d 92), and we conformed, reversing the trial court. *Blanchard v. Westview Cemetery,* 125 Ga. App. 322 (187 SE2d 551). At the trial of the case, the plaintiff obtained a verdict and judgment for $15,000 actual and $85,000 punitive damages. The trial judge granted the defendant's motion for a new trial on the general and special grounds, from which order, certified for immediate review, the plaintiff appeals.

1. "[T]his court will not disturb the first grant of a new trial on the general grounds where no abuse of discretion by the trial judge appears and the evidence does not demand a verdict and judgment for the plaintiff *in any specific amount.* Code Ann. § 6-1608; *Martin v. Denson,* 117 Ga. App. 288 (160 SE2d 210); *Warren v. Mann,* 117 Ga. App. 787 (161 SE2d 894); *Prosser v. Horis A. Ward, Inc.,* 123 Ga. App. 205 [180 SE2d 270]." (Emphasis supplied.) *Smith v. Clark,* 123 Ga. App. 458 (2) (181 SE2d 551). "Where the damages sued for are not liquidated . . . and rest in the discretion of the jury under the evidence, notwithstanding the evidence may demand a finding that the defendant is liable to the plaintiff in some amount, a verdict in the amount found by the jury is not as a matter of law demanded." *Lawson v. Lawson,* 61 Ga. App. 787 (2) (7 SE2d 603). All of the above cases except *Lawson* were decided subsequent to the enactment of both the Civil Practice and Appellate Practice Acts, and *Lawson* was cited with approval in *Garrett v. Garrett,* 128 Ga. App. 594, 596 (3) (197 SE2d 739).

Accordingly, although the finding of the defendant's liability in some amount was authorized, if not demanded, by the evidence and by the "law of the case" established by the Supreme Court's ruling on the former appeal, the verdict in the amount found by the jury was not demanded, because the actual damages (for mental pain and anguish) and punitive damages sought were unliquidated, resting in the discretion of the jury under

the evidence. The trial judge has the discretion of granting a new trial on the general grounds, when his mind and conscience disapprove the verdict as rendered, though the verdict is not so large in amount as to carry conviction of bias and prejudice on the part of the jury, and though the case is one in which the only measure of damages is the enlightened conscience of the jury. *Smith v. Maddox-Rucker Banking Co.,* 8 Ga. App. 288 (1) (68 SE 1092). It is not shown that the trial judge abused his discretion in granting this first new trial on the general grounds.

The appellant expresses apprehension that the trial judge has it in his power to subvert jury verdicts by successive grants of new trials and refusal to certify such grants for immediate appeal. Of course, this result would not likely occur if the judge did so certify. "In the second grant of a new trial the discretion of the trial court is not so ample as in the first grant thereof, and must be exercised with caution, as the presumption of the legality of such grant weakens upon each concurrent verdict." *Ansley v. Atlantic C. L. R. Co.,* 86 Ga. App. 152 (2) (71 SE2d 434). The appellant cannot complain of what might happen in the event of the judge's refusal to certify, since he did certify in the present appeal. The remedy for the hypothetical situation posed would have to be provided by the General Assembly, in view of the requirement of a certificate for immediate review in order to make a judgment granting a new trial appealable. *West v. West,* 229 Ga. 649 (193 SE2d 820) and cits.

2. "Since the enactment of the Act of 1957, approving the amendment to the Rules of Practice & Procedure (Ga. L. 1957, p. 224 et seq.), and particularly Sec. 2 thereof [amending former Code § 6-701], the rule applied in *Hayes v. Dicks,* 95 Ga. App. 11 (96 SE2d 627), is no longer applicable in cases of this kind, and it, therefore, becomes necessary to consider the rulings made by the trial judge in granting a new trial on the special grounds if it appears that such questions may recur on another trial." *Dennard v. Styles,* 101 Ga. App. 459 (2) (114 SE2d 317). The provisions of Code Ann. § 6-701 (b) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073) are materially identical to the corresponding provisions of

former Code § 6-701, which it superseded, the changes made being principally in nomenclature, to conform with the terminology of the Appellate Practice Act of 1965. The General Assembly further indicated its intention to incorporate into the Appellate Practice Act of 1965 the policy recognized in *Dennard,* supra, by its mandate that said law "shall be liberally construed so as to bring about a decision on the merits of every case appealed, and *to avoid* dismissal of any case or *refusal to consider any points raised therein, except as may be specifically referred to herein."* (Emphasis supplied.) Code Ann. § 6-905 (Ga. L. 1965, pp. 18, 40).

3. The charge complained of in special ground 4, allowing punitive (exemplary) damages for the wrongful moving of the body, was authorized by Judge Evans' dissent in the prior appearance of this case in this court, *Blanchard v. Westview Cemetery,* 124 Ga. App. 195, supra, p. 211 (5), which was adopted (with one qualification) by the Supreme Court. *Blanchard v. Westview Cemetery,* 228 Ga. 461, supra. Regarding the charge of the term "wrongfully moved," the jury was instructed as to the cemetery's rules not authorizing moving of the body to correct an error in the deed, conforming to the dissents of Judges Pannell and Evans, adopted by the Supreme Court, as hereinabove mentioned.

4. The charge complained of in special ground 5 was authorized by Judge Pannell's dissent in *Blanchard,* 124 Ga. App. 195, supra, p. 201. The "type of error" to which the trial judge was referring is apparent from the phrase which follows it, i.e., "by moving the body from the lot actually purchased to a lot not purchased, but described by error in the deed."

5. Concerning special ground 6, the charge allowing exemplary damages was authorized under Judge Evans' dissent in *Blanchard,* 124 Ga. App. 195, supra, p. 211, and cits., and Code § 105-2003. The trial judge withdrew his charge as to physical damages, leaving with the jury the issue of damages for wounded feelings, etc., hence no double damages were involved. See *McLaughlin v. State,* 132 Ga. App. 88 (2) (207 SE2d 629).

6. The trial judge did not err in submitting the issue of the defendant's good or bad faith to the jury, as

complained of in special ground 7. The jury could find bad faith from the evidence that the defendant moved the body without the authority of the contract, without written (or other) notice to the plaintiff or her family (although a letter would have been forwarded to her new address, according to the evidence), and without applying for a disinterment and reinterment permit (as to this, see Headnote 8, below).

7. The charge complained of in special ground 8 — which interjected the issue of physical damages, which was later removed by a recharge of the jury — is not ruled on because it will not likely recur in a subsequent trial of the case.

8. The trial judge did not err, as contended by special ground 9, in refusing to charge the jury that "under the laws of this state that govern this action, no permit was required for disinterment and reinterment within the same cemetery." For the reasons adequately stated in the dissents in *Blanchard,* 124 Ga. App. 195, supra, pp. 202 and 204 et seq., Code Ann. § 88-1717 (Ga. L. 1964, pp. 499, 591) does require a permit for this purpose. Although the Supreme Court did not pass on this question in *Blanchard,* 228 Ga. 461, supra, it was not necessary to do so, since it found that there were genuine issues of material fact other than this, which were sufficient to make erroneous the grant of the motion for summary judgment for the defendant.

9. Special grounds 10 and 11 complain of the contended excessiveness of the verdict for actual and exemplary damages. Since the case is to be tried again and the amount of the verdict, if any, may be different, and since excessiveness of the verdict is within the scope of the general grounds, as was held in Headnote 1 hereinabove, we cannot rule on this issue at this time.

10. The plaintiff enumerates as error the trial judge's sustaining of defense counsel's objection to the following portion of his closing argument: "Well, we come to the issue of damages here, and as I have stated to you, we are talking about two kinds of damages. Why did we sue for punitive damages and damages for the compensation of this widow for injury to her peace, feelings and happiness? We ask in this complaint for

$250,000 punitive damages and $25,000 damages for injury to her peace, feelings and happiness. The purpose of punitive damages, as His Honor will charge you, is to deter the wrongdoer. Well, how do you deter a corporation that is worth by their own testimony $66,000,000? Mr. Hughes: I hate to interrupt my brother, but there is no testimony in this record as to the worth of the corporation. That is clearly an improper argument in the context under the laws of this case. The Court: The Court does not recall any evidence to that effect. Colonel Burnside? Mr. Burnside: Yes, sir, I was going to explain to the jury why I said that. First of all, Mr. Bowen testified there were 300 undeveloped acres of land in the cemetery, by the testimony, and I used the sales price at which they sold 88 square feet to Mrs. Blanchard at a sales price of $490, and at that rate, taking out ten percent for perpetual care, then the 300 undeveloped acres of land has a value, according to my figures, of $66,000,000. Mr. Hughes: Your Honor, I still object to the line of argument. The Court: Objection sustained. Mr. Hughes: Thank you, sir. The Court: Order it stricken from the record and also, ladies and gentlemen, the Court will instruct you to disregard that statement concerning $66,000,000."

"In *Owens v. State,* 120 Ga. 209 (3) (47 SE 545), it is held: 'While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence; and the fact that the deductions may be illogical, unreasonable, or even absurd, is matter for reply by adverse counsel, and not for rebuke by the court.' See also *Morgan v. State,* 124 Ga. 442 (1) (52 SE 748); *Georgia Power Co. v. Puckett,* 181 Ga. 386 (182 SE 384)." *Miller v. Coleman,* 213 Ga. 125, 130 (97 SE2d 313). The plaintiff's estimate of the corporation's worth was a permissible deduction from evidence of the amount of remaining undeveloped land within the cemetery and the value per unit of such land, deducting 10% for perpetual care funds as provided in the sales contracts.

It is argued that, had the trial judge allowed the charge complained of, he would have, in effect, authorized the jury to return double damages.

In her complaint (paragraph 4) the plaintiff alleges: "By reasons of the facts herein alleged, defendant herein is indebted to your petitioner for mental anguish and suffering in the sum of Twenty Five Thousand Dollars ($25,000) and for punitive damages in the sum of Two Hundred Fifty Thousand Dollars ($250,000)."

In Paragraph 10 of the complaint the following is alleged: "The aforesaid disinterment and reinterment of the body of petitioner's deceased husband was performed by defendant without authority, in violation of law, and without notice to or consent of your petitioner and has resulted in injury and damage to petitioner's peace, feelings, and happiness and has caused your petitioner extreme distress, agony, and mental anguish, all to her damage, in the sum of Twenty-Five Thousand Dollars ($25,000)."

These two paragraphs clearly show that the plaintiff pleaded a case for general damages as compensation for mental pain and suffering arising out of an injury to plaintiff's peace, feelings and happiness. In paragraphs 4 (supra) and 11, the plaintiff seeks "punitive" damages "by reason of the facts herein alleged," those facts being the alleged disinterment and reinterment of the body of her deceased husband by the defendant corporation's agents and servants without notice or authority.

Here, it may be well to note the provisions of our law regarding damages. Code § 105-2001: "Compensation for injury. Nominal damages.— Damages are given as compensation for the injury done, and generally this is the measure where the injury is of a character capable of being estimated in money. If the injury is small, or the mitigating circumstances are strong, nominal damages only are given." Code § 105-2002: Exemplary damages.— "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." Code § 105-2003: "Vindictive damages.— In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of

impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed. The verdict of a jury in such case should not be disturbed, unless the court should suspect bias or prejudice from its excess or its inadequacy." At this point we deem it well to note that, after an exhaustive study of the aforesaid Code sections, we find great inconsistency in their interpretation by this court and the Supreme Court. We make no attempt to cite all of the cases illustrating this inconsistency, but do cite the following as representative examples: *City &c. R. of Savannah v. Brauss,* 70 Ga. 368, 374, 378; *Ga. R. v. Olds,* 77 Ga. 673, 681; *Head v. Ga. Pac. R. Co.,* 79 Ga. 358, 360 (7 SE 217); *Ga. R. &c. Co. v. Jett,* 95 Ga. 236 (22 SE 251); *Southern R. Co. v. Jordan,* 129 Ga. 665, 666 (2) (59 SE 802); *Pollard v. Phelps,* 56 Ga. App. 408, 421 (193 SE 102); *Interstate Life &c. Co. v. Brewer,* 56 Ga. App. 599, 609 (193 SE 458). A review of these cases and other similar cases, reveals extremely inconsistent usage of the words "exemplary damages," "punitive damages," "vindictive damages," as well as the legal theories attached thereto. It is with this in mind that we attempt an explanation of the aforesaid Code sections. These three Code sections must be construed in pari materia. Code § 105-2001 concerns general compensatory damages. In tort cases these damages may be compensation for (1) physical pain arising from a physical injury, and (2) physical and mental pain arising from a physical injury. Code § 105-2003 provides for damages arising from torts where the entire injury is to the peace, feelings or happiness. "Entire injury" means there is no injury to the "person or purse" in cases contemplated by this Code section, the tort being of such a nature as to give rise to mental pain and suffering only. Moreover, in such cases, a recovery is allowed only where there is a wilful and intentional tort. "While it is well settled that for mere negligence one can not recover for pain and suffering unless there has been damage to person or purse, it is equally well established that for a wanton and intentional tort recovery may be had for such elements of damages." *Pollard v. Phelps,* 56 Ga. App. 408, supra, p. 415 and cits. Code § 105-2003 goes on to provide

special rules of evidence authorizing the admissibility of certain types of evidence in such cases. Thus, in cases of wilful torts where the entire injury is to the plaintiff's peace, feelings or happiness (and thus is no injury to the person or purse), evidence of the worldly circumstances of the parties, which would not be relevant in the usual tort case, is admissible, as is other evidence referred to in the code section. See *Baldwin v. Davis,* 188 Ga. 587, 593 (4 SE2d 458) and cits. Code § 105-2002 provides for "additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." There are no provisions for *punitive damages* in our Code. The *additional damages* referred to are those damages contained in § 105-2001 and § 105-2003 which have been previously mentioned. There can be no recovery of exemplary damages under § 105-2002 unless there is a recovery of compensatory damages under § 105-2001 or § 105-2003. This is for the reason that § 105-2002 specifically provides that in certain circumstances the jury may award "additional damages." Additional to what? Obviously, to the damages referred to in § 105-2001 and § 105-2003. Moreover, these additional exemplary damages may be awarded for *either* of the two purposes mentioned in the statute, but not for *both,* for the statute is phrased in the alternative.

During his charge, the trial judge made reference to the jury's awarding damages for *physical* and mental pain and suffering. This error was called to the judge's attention by counsel for both parties. In the colloquy between counsel for both parties and the court, the plaintiff's counsel stated that the jury should be limited in their deliberations "solely to injury to the peace, feelings and happiness of the plaintiff and for punitive damages" and that "we contend that the plaintiff suffered an injury to her peace, feelings and happiness and is entitled to recover damages for that injury." Following both of the above statements, the plaintiff's counsel also contended that the plaintiff was entitled to punitive damages. Subsequently, the judge brought the jury back into the courtroom and withdrew that portion of the charge on physical pain and recharged the jury

that the plaintiff is contending that she has suffered great mental pain. In colloquy following the recharge, the plaintiff's counsel stated, "we would have no objections to your Honor's reading the entire charge on pain and suffering which was given and then stating to the jury that the charge is withdrawn." The judge declined and left the charge as it was.

Under the pleadings and evidence it is apparent that the plaintiff is seeking recovery of general damages for mental pain and suffering resulting from the defendant's wilful act. As such, she would be entitled to introduce evidence of the worldly circumstances of the defendant and the amount of bad faith in the transaction pursuant to Code § 105-2003. In addition thereto, it is equally apparent that the plaintiff is seeking exemplary damages (mislabeled punitive damages) to deter the wrongdoer. Nowhere in the complaint, the evidence or the statements of counsel does it appear that the plaintiff is seeking exemplary damages for "wounded feelings." Code § 105-2002 provides for exemplary damages in the alternative: (1) to deter the wrongdoer from repeating the trespass or (2) as compensation for the wounded feelings of the plaintiff. Obviously, the plaintiff cannot recover compensatory damages for injury to her peace, feelings and happiness (mental pain and suffering alone arising out of a wilful tort) and exemplary damages for "wounded feelings." This would amount to a recovery of "double damages" which is not allowed. *Southern R. Co. v. Jordan,* 129 Ga. 665, supra; *Johnson v. Morris,* 158 Ga. 403 (123 SE 707). However, the plaintiff may seek compensatory damages for injury to her peace, feelings and happiness (mental pain and suffering alone arising out of a wilful tort) and exemplary damages to *deter the wrongdoer.*

To paraphrase Judge Russell in *Georgia R. &c. Co. v. Davis,* 6 Ga. App. 645, 648 (65 SE 785), the law does not allow a man to be compensated twice for his wounded feelings; and the jury cannot, after giving him the sum which their enlightened consciences tell him will compensate him for wounded feelings, give an additional sum under the head of exemplary damages, for the purpose of compensating him for wounded feelings. If, in

the event, both compensatory and exemplary damages may be recovered for wounded feelings, the exemplary damages should be assessed for the purpose of deterring the wrongdoer, and not for the purpose of compensating the plaintiff.

The posture of the plaintiff's case was not changed by counsel's statement to the court voicing no objection to the judge's withdrawing the entire charge on pain and suffering. The judge declined to do so, hence counsel's remarks amount to nothing.

There was evidence from which calculations could be made which would authorize the statement by counsel in his argument as to the net worth of the defendant corporation under the wide latitude allowed counsel in argument, which has been referred to previously. The circumstances of the parties was relevant evidence under Code § 105-2003, for the defendant's act was wilful and the entire injury was to the plaintiff's peace, feelings and happiness, resulting in mental pain and suffering. Plaintiff's counsel's argument with reference to *deterring* similar future actions of the defendant corporation was proper under the pleadings and pursuant to Code § 105-2002.

The trial judge was in error when he sustained the objection to the plaintiff's counsel's argument.

*Judgment affirmed. Pannell, P. J., Deen, Quillian and Evans, JJ., concur. Bell, C. J., Eberhardt, P. J., Clark and Webb, JJ., dissent in part.*

ARGUED MAY 8, 1974 — DECIDED OCTOBER 8, 1974 — REHEARING DENIED NOVEMBER 8, 1974 —

*Burnside, Dye & Miller, Thomas R. Burnside, Jr., A. Montague Miller, Harland, Cashin, Chambers & Parker, Terrill A. Parker,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Randall L. Hughes,* for appellee.

EBERHARDT, Presiding Judge, dissenting in part.

While I concur in the judgment of affirmance and concur with Headnotes 1, 2, 3, 4, 5, 6, 7, 8 and 9 of the

opinion (though in my view conclusions as to the charges referred to in Headnotes 3, 4 and 5 are better grounded on the decision and judgment of the Supreme Court in 228 Ga. 461), I am in disagreement with Headnote 10.

This suit, as it stood at the time of the trial, and as plaintiff's counsel stated to the court relative to the charge of the court, made no claim for damages save for wounded feelings, peace and happiness, and was tried in that posture.

Additional or exemplary (sometimes referred to as punitive) damages are recoverable under Code § 105-2002 "*either* to deter the wrongdoer from repeating the trespass *or* as compensation for the wounded feelings of the plaintiff." (Emphasis supplied.) "Either, or" plainly means one or the other; it does not and cannot mean both.

This Code section has been dealt with generally in connection with the pleadings or with the charge to the jury, and it has consistently been held that it is error to so word the pleadings or the charge as to allow the jury to assess damages to deter the wrongdoer *and* as compensation for the wounded feelings of the plaintiff, since this would allow the jury to assess double damages. See *Southern R. Co. v. Jordan,* 129 Ga. 665, 666 (2) (59 SE 802); *Johnson v. Morris,* 158 Ga. 403 (123 SE 707); *Georgia R. & Elec. Co. v. Davis,* 6 Ga. App. 645 (2), 647 (65 SE 785); *John Deere Plow Co. v. Head,* 68 Ga. App. 502 (1) (23 SE 2d 523); *Metro Chrysler-Plymouth v. Pearce,* 121 Ga. App. 835, 843 (1d) (175 SE2d 910). The last case dealt with pleadings. "[T]he jury might have inferred . . . that they would be authorized to award the plaintiff damages for his humiliation and mortification . . . and also damages to punish and deter him from repeating the trespass or wrong. This section of our Code does not provide for the award of such double damages." *Johnson v. Morris,* 158 Ga. 403, 406, supra, reversing *Johnson v. Morris,* 30 Ga. App. 673 (118 SE 766).

Here, instead of pleading or a charge we deal with the argument of counsel, but the principle is the same. As we have noted, the case was tried seeking recovery of damages for the plaintiff's wounded feelings, and plaintiff's counsel so stated both to the court and the jury. But the argument of counsel to which there was objection

and which the trial court disapproved and disallowed, was directed to the matter of damages for *deterring* the defendant, and if followed by the jury would have resulted in an award of double damages, just as an improper charge on the matter or improper pleadings might have done. Counsel urged "the purpose of punitive damages, as his honor will charge you, is to *deter the wrongdoer.* Well, *how do you deter a corporation that is worth, by their own testimony, $66,000,000?"*

Can this argument, seeking to have damages assessed for deterrence, be allowed when the plaintiff asserts in her petition that she seeks recovery for "injury and damages to *petitioner's peace, feelings, and happiness* [which has] caused your petitioner extreme distress, agony and mental anguish?" Obviously not.

It was in the very teeth of the holdings in the cases cited above, and if allowed might very well have resulted in causing the jury to make an illegal verdict. Recognizing this, the trial judge very correctly sustained the objection made and prevented that error from occurring. It was appropriate too, since the argument asserted that *such would be the charge of the court.* We should not now make the error possible or even probable, but that, I fear, is what Division 10 of the majority opinion does. Indeed, under the holdings in the cases cited the trial judge would have committed reversible error if he had not sustained the objection to the argument made and admonished the jury to disregard it.

Counsel for the plaintiff might have argued that the jury should consider the worldly circumstances of the defendant and thus its ability to compensate the plaintiff in arriving at a verdict that would compensate the plaintiff for her wounded feelings, but he could not, within the law, argue it for making of an award *to deter* the defendant.

I am authorized to state that Chief Judge Bell and Judges Clark and Webb join in this dissent.