ABEL D. BREED, lessee, plaintiff in error, *vs.* GUSTAVUS W. NAGLE, defendant in error.

1. Where there was a written contract by which a railroad company leased its property to another, signed in duplicate, the company having one copy and the lessee the other, it is not competent to prove the contents of said instrument upon the statement of the witness that he had applied to the officers of the company in New York for their copy and had failed to obtain it, as it was mislaid, but had not applied to the lessee for his copy, the proof being offered in a proceeding against said lessee. (R.)
2. The laborer or mechanic who does the work and furnishes the materials, is the person entitled to a lien upon the property of his employer under the provisions of the Act of 1869. (R.)
3. The laborer or mechanic is not entitled to a lien on any greater interest in the property than his employer had at the time the work was done or the materials furnished. (R.)
4. An immaterial error is no ground of new trial. (R.)

Mechanic's lien. Secondary evidence. New trial. Before Judge PARROTT. Gordon county. At Chambers. November 18th, 1871.

Gustavus W. Nagle commenced the statutory proceedings as a mechanic, against Abel D. Breed, as the lessee of the Selma, Rome and Dalton Railroad, for the sum of $7,453 03, for labor done and materials furnished in the construction of said railroad in the county of Gordon.

The execution based on the aforesaid proceedings was levied "on the track and roadbed of the Selma, Rome and Dalton Railroad, lying within said county of Gordon, and also upon the bridges, piers, abutments, etc., upon said road, lying in Gordon county, in favor of Gustavus W. Nagle *vs.* A. D. Breed, lessee of Selma, Rome and Dalton Railroad," on November 2d, 1870.

The defendant filed an affidavit of illegality upon the following grounds, to-wit:

1st. Because no contract was ever made with defendant by plaintiff.

2d. Because plaintiff is a contractor and not a mechanic.

3d. Because plaintiff's lien, if he has any, exists by virtue of the proper record of his lien in the Clerk's office of the Superior Court, and can only be enforced by ordinary suit at law.

Upon the trial Daniel S. Printup, Esq., a witness for the defendant, testified as follows, to-wit: There was a written contract between the Selma, Rome and Dalton Railroad Company and A. D. Breed, signed in duplicate, Breed taking one copy and the officers of the road the other. Witness had, at some time, but not with reference to this case, applied to the officers of the road in New York for their copy but it was mislaid and he had failed to get it. He had not applied to Breed, who resides in the State of Ohio, for his copy.

Plaintiff, at this point, objected to the witness' stating the contents of said contract. The objection was overruled, and plaintiff excepted.

The Court charged the jury as follows, to-wit: "If you are satisfied, from the evidence, that Nagle did the work as a mechanic for Breed, and that he was the lessee of the road, he would be entitled to a verdict. If you think, from the evidence, that plaintiff did not perform the work, and that Breed was not the lessee of the road at the time the work was done, you will find for the defendant. If the evidence shows that Nagle was the contractor merely, and not the mechanic, then, as a contractor, he would not have a right to enforce his claim in this way. A mechanic may be a contractor, and if he does work as a mechanic (for others and himself as contractors) for a railroad company, he would be entitled to enforce his lien as a mechanic. A mechanic's lien is recognized by the Constitution; such a lien attaches at the time the labor is performed and the material furnished. The affidavit, the order of the Judge, the execution, are the means simply by which the lien is enforced."

The jury returned a verdict for the defendant. The plaintiff moved for a new trial upon the following, among other grounds, to-wit:

1st. Because the Court erred in admitting the testimony

of Daniel S. Printup, Esq., as to the contents of said written contract.

2d. Because the verdict was contrary to law and the charge of the Court.

3d. Because the verdict was contrary to the evidence.

The Court sustained the motion and ordered a new trial. Defendant excepted and assigns said rulings as error.

PRINTUP & FOUCHE, for plaintiff in error. A contractor has no lien: Footman vs. Pussey, Jones & Co., decided January Term, 1872. Nagle's lien, if he has any, is upon the property of his employer, viz: Breed's leasehold interest: Ga. Cons., Art. I., sec. 30; Acts of 1869, 135; 11 Ga. R., 45; 19 Ga. R., 45; 1 Redf. on Rs., 443; 31 Vt. R., 214; 13 Ind. R., 67; 37 Barb., 205. A railroad cannot be levied on and sold in detached parcels: 9 Ga. R., 377; 2 Redf., 545; 13 Sergt. and R., 210; 9 Watts and Serg. R., 27; 24 Howard R., 257.

ALEXANDER & WRIGHT, represented by W. H. DABNEY, for defendant.

WARNER, Chief Justice.

The only error assigned to the judgment of the Court below is the granting a new trial. Although the testimony of Printup, as to the contents of the written contract, was improperly admitted, still, in our judgment, the verdict was right, under the evidence and the law applicable thereto, independent of Printup's testimony. The laborer or mechanic who *does the work* for his employer, *and furnishes the materials,* is the person who is entitled to the lien upon the property of his employer, under the provisions of the Act of 1869, and then he is not entitled to a lien on any greater interest in that property than his employer had in it at the time the work was done thereon; his lien is upon *the property of his employer* for the labor done and materials furnished, under the provisions of the Act. The property levied on to

satisfy the plaintiff's lien by the sheriff does not appear, by the sheriff's entry on the *fi. fa.*, to have been levied upon as the property of the defendant therein, or that he had any interest in the property levied on. If the defendant was the lessee of the railroad, and not the owner of it, then his interest as such lessee of the road could only be levied on and sold for his debts and liabilities to the extent of such an interest as he had in it as such lessee. The verdict being right, under the law and facts of the case, it was error to grant the new trial.

Let the judgment of the Court below be reversed.