Huff *vs.* Odom.

---

JOSEPH W. HUFF, plaintiff in error, *vs.* ANDREW J. ODOM, defendant in error.

1. Title to personal property by capture on land during a war, can only be set up by the organized and recognized parties to the war, or by those acquiring title from them, according to the orders and regulations prescribed by the governments and their military authorities.
2. An immaterial error is no ground of new trial.

War.    Capture.    Title.    Confederate States.    New trial. Before Judge JOHNSON.    Muscogee Superior Court.    October Term, 1872.

For the facts of this case, see the decision.

JOSEPH F. POU, for plaintiff in error.

JAMES M. RUSSELL, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover the possession of a mule, or the value thereof, which the defendant had in his possession, under a possessory warrant sued out against the plaintiff therefor. The plaintiff proved that he purchased the mule from one Baugh, in Columbus, in February, 1871, for which he paid $165 00. The defendant proved the possession and ownership of the mule in April, 1865; that the mule disappeared from his possession, and never saw it until he found it in the possession of the plaintiff in February, 1871. It was further shown by the defendant that the mule was taken from his possession in April, 1865, by some men dressed as Federal sol-

diers, who took it to Macon and put it up with others, and was then sent off to Atlanta and there sold at *private* sale for $160 00.   There were no officers with the men who took the mule from defendant's possession—were all privates.   The Court charged the jury, that if they believed the mule in controversy to be the same one taken from the defendant by Federal soldiers in April, 1865, the title of defendant was not divested, unless the same was condemned by a Court of competent jurisdiction, and that the plaintiff acquired no title by his purchase from Baugh, unless the same appeared; to which charge the plaintiff excepted.

1. Although the charge of the Court may have been correct as to the capture of property on the high seas by the maritime power of the Federal government, we do not think it was applicable to the capture of personal property on land by that government, but the personal property captured on land by the regular organized authority of the Federal government should be disposed of according to the orders and regulations prescribed by the government and its military authorities, for that purpose.   In this case, the plaintiff does not pretend to derive his title to the mule from either the civil or military authorities of the Federal government, or from any one claiming title therefrom, if, indeed, the mule had been lawfully captured by the military authority of that government, which it had not, according to the evidence in the record.   In *Worthy vs. Kinamon*, 44 *Georgia Reports*, 297, this Court held that title by capture, during a war, can only be set up by the organized and recognized parties to the war, or by those claiming and acquiring title from said organized and recognized parties.

2. Although the Court may have erred in charging the jury that condemnation of the mule by a Court of competent jurisdiction was necessary to divest the title of the defendant, still, the verdict was right, under the law and facts of the case, and we will not disturb it.

Let the judgment of the Court below be affirmed.