772.  SOUTHERN RAILWAY COMPANY *et al. v.* MIILLER.

1. As to all questions raised in the record, except those arising from the overruling of the motion for a new trial, the cases of *Southern Railway Co.* v. *Miller,* 1 *Ga. App.* 616 (57 S. E. 1090), and *Southern Ry. Co.* v. *Rowe,* 2 *Ga. App.* 557 (59 S. E. 462), are controlling.

2. To be sufficiently specific to raise any question for determination on review, grounds of a motion for a new trial, complaining of the admission of testimony, should contain such recitals as will show with definiteness, independently of other portions of the record, the nature of the errors complained of.

3. Where a request to charge contains several distinct propositions, a ground of a motion for a new trial complaining that the court refused the request in its entirety will be held not to be well taken if any of the propositions be unsound.

4. No error appears in the instructions excepted to; nor in the refusal to continue the case.

5. It is the duty of the trial judge to be reasonably satisfied that a verdict is just and true, before he approves it; but if, after deliberately weighing the matter, his mind and conscience does approve it, any slight dissatisfaction or doubt through which he may have passed, and to which he may have given expression in discussing the matter, preliminary to a decision, will not operate to relieve the verdict of that element of finality to which, when approved, it is entitled as a finding of fact.

Action for damages, from city court of Hall county—Judge Boone.  August 19, 1907.

Argued December 17, 1907.—Decided January 15, 1908.

*John J. Strickland, Ed. Quillian,* for plaintiffs in error.

*Arnold & Arnold, Howard Thompson, F. M. Johnson,* contra.

POWELL, J.  1.  The same questions made by the demurrer and by the special plea were decided adversely to the plaintiff in error in the cases of *Southern Ry. Co.* v. *Rowe,* 2 *Ga. App.* 557 (59 S. E. 462), and *So. Ry. Co.* v. *Miller,* 1 *Ga. App.* 616 (57 S. E. 1090).

2.  In the motion for a new trial error is assigned upon the admission of certain testimony.  The grounds are not sufficiently full and specific to indicate definitely the nature of the error complained of, and therefore present no question for determination by this court.

3.  One of the grounds of the motion complains: "The court erred in refusing to give in charge to the jury the following written request, handed the presiding judge as required by law."  This is

followed by a request to charge fourteen distinct propositions, some
of which at least were not proper to be charged.   We are not pre-
pared to hold, as was insisted by counsel for defendant in error,
that the form in which the request was submitted had the effect of
making these requested charges an entirety, so that an error in
one paragraph would so vitiate all the others as to excuse the
judge from charging such of them as were legal and pertinent;
.yet it is plain that the exception now taken is, an entirety.   In
other words, counsel could have assigned error upon each of his
requested charges by a separate assignment, and thus have brought
under review the refusal of each request as a segregate proposition;
this he did not do, but has elected to stand or fall by the whole.
The rule as to exceptions of this character is too well established
by the Supreme Court to deserve further discussion here.

4.   Complaint is also made of certain instructions given.   Upon
comparing them with the evidence and the charge as a whole we
find no error in any of them.   The question whether the court
should have continued the case for the absence of local counsel,
when the general and leading counsel for the defendant was pres-
ent, was a matter addressed largely to the discretion of the trial
judge; and in this case we are unwilling to say that he abused it.

5.   It is contended that the verdict is contrary to the evidence
and that it is excessive.   It is further said, in this connection,
that it is not approved by the trial judge.   The verdict is not
contrary to the evidence; and while it is large, it is not so large
as to justify us in declaring it as a matter of law excessive.   As to
the approval of the trial judge, we find that he, by an unqualified
order, overruled the motion for a new trial, containing the general
grounds, thereby formally expressing his approval of the verdict.
The following assignment of error is, however, verified by the bill
of exceptions: "The court erred in holding, in passing on said
motion for new trial, that while he was not exactly satisfied with
the amount of the verdict rendered in this case, yet what amount
the court would have given is not the controlling question, but the
amount was a question for the jury under the charge of the court;
and the jury having determined the amount, a new trial would
not be granted because of the amount of the verdict alone."   If
the judge was so dissatisfied with the amount of the verdict that
the persuasive influence of the jury's finding—the deliberate opin-

ion of twelve impartial men who also heard the evidence—did not convince him that the amount was reasonably correct, it was his duty to set it aside. In the nature of things no man's mind can fix with exactness upon the amount of damages to be allowed for personal injuries. The verdict of. the jury itself is probably in most cases a compromise of the estimates of the individual jurors. No juror ought to agree to a verdict which is either so small or so large as to strike his mind and conscience as being unjust or unreasonable. In passing upon a verdict, the trial judge, on motion for a new trial, exercises a like discretion. It is not required that he be "exactly satisfied," provided he is reasonably satisfied with the finding. It is not improper that the verdict of the jury should exercise a persuasive influence upon him. The record as a whole indicates that the trial judge, before finally determining how he should exercise that discretion which it is his positive duty to exercise, had doubts which he expressed, and which he duly weighed, but that despite his original lack of entire satisfaction he was so persuaded by the unanimous finding of the jurors that he became reasonably satisfied with the verdict and approved it. Doubt and uncertainty are not necessarily inconsistent with the complete decision of a question. The judgment can fully choose and act despite doubt. We will not construe the record as indicating that the trial judge deliberately disregarded his sworn duty by approving a verdict which his mind and conscience told him was unjust and unreasonable in amount. As against a motion for a new trial, it takes thirteen men to make a verdict. Until it has received the approval of all thirteen, it does not become a final finding of fact. But when all thirteen (though one or all, in deliberating the question, may have felt some shade of doubt) do finally assent to the same thing, the unanimous agreement of minds —the approved verdict—is final and conclusive upon all others who may thereafter have occasion to review it, as to every issue of fact legitimately involved.        *Judgment affirmed.*