## 852.  HOLLAND *v.* WILLIAMS.

Despite the broad discretion of the jury in assessing damages in cases of
    personal injury, the trial judge may grant a motion for a new trial on
    the general grounds when. in his opinion, the verdict is unreasonably
    too large or too small; and this court will interfere with that discre-
    tion only in cases of manifest abuse.

Action for damages, from city court of Statesboro—Judge Bran-
nen.  September 20, 1907.

Argued January 22,—Decided February 14, 1908.

*Brannen & Booth, H. B. Strange, J. J. E. Anderson,* for plain-
tiff in error.

*Twiggs & Oliver, Deal & Lanier, R. Lee Moore,* contra.

POWELL, J. This was a suit for damages on account of an assault and battery. The jury gave the plaintiff a small verdict. He moved for a new trial on the general grounds, and also for certain errors in the charge. The judge granted a new trial; and the defendant excepts. As the grounds of the motion for a new trial assigning errors of law are not meritorious, we conclude that the grant was upon the general grounds. The defendant, being satisfied with the amount found against him, questions the discretion of the trial judge to interfere with the finding of the jury in assessing damages.

Section 3803 of the Civil Code, which declares: "The question of damages being one for the jury, the court should not interfere, unless the damages are either so small or so excessive as to justify the inference of gross mistake or undue bias," and the similar statement at the conclusion of section 3907, were codified from the decision of the Supreme Court in the case of *Lang* v. *Hopkins,* 10 *Ga.* 37; the court referred to in these sections is the Supreme Court (now also this court); and they do not have in immediate contemplation the power of the trial judge to review and approve or set aside a verdict upon a motion for a new trial. For instance, the language of that decision runs thus, in part: "As judges, we are not authorized to substitute our conjectures or apprehensions for the determination of that body on whom the law has devolved the duty of deciding, duly weighing all the circumstances of the case. . . Judges should be very cautious, therefore, how they overthrow verdicts given by twelve men on their oaths, on the ground of excessive damages, upon a matter left so entirely to their discretion, especially where the presiding judge before whom the cause was tried, and who is presumed to have been familiar with all the facts, has refused to interfere. For this court to order a rehearing, under such circumstances, it must be made manifest by the proof that the damages were 'flagrantly outrageous and extravagant.'" So also, headnote 2 in the case of *Adkins* v. *Williams,* 23 *Ga.* 222, reads: "If the court trying the case does not consider the damages excessive, any other court ought to be cautious in holding them to be so." The proposition that, in cases of the character referred to in these decisions and code sections, the jury have the right to exercise an original,

fair discretion, according to their enlightened consciences, in as-sessing damages, is wholly sound, and exists apart from and inde-pendently of these statements, which primarily refer to the limi-tations of the appellate courts. The power of the trial judge to review the verdict on motion for a new trial is derived from another source,—it existed at common law and is given express recogni-tion in our constitution and code. Civil Code, §§ 5847, 5723, 5473, 5474, 5477, 5483. The broad discretion of the jury as to the amount of damages is not a limitation on the discretion of the trial judge to set aside the verdict when he thinks it unfair, un-just, contrary to the evidence, excessive, or too small; but is a per-suasive influence not lightly to be disregarded. The declaration contained in § 5585 of the Civil Code, that "The first grant of a new trial will not be disturbed by the Supreme Court, unless the plaintiff in error shows that the judge abused his discretion in granting it, and that the law and facts require the verdict not-withstanding the judgment of the presiding judge," is applicable to damage suits as well as to others. See *McCarthy* v. *Vale Royal Mfg. Co.,* 82 *Ga.* 633 (10 S. E. 1101) ; *Wood* v. *Southern Ex. Co.,* 95 *Ga.* 451 (22 S. E. 535) ; *Reese* v. *Ga. R. Co.,* 91 *Ga.* 57 (16 S. E. 344) ; *Sav., Fla. & W. R. Co.* v. *Harper,* 70 *Ga.* 119 ; *Powell* v. *Augusta R. Co.,* 77 *Ga.* 193, 202 (3 S. E. 759). The trial judge is not to substitute his opinion for that of the jury, but merely sends the case for the opinion of another jury. *Savannah Fla. & Western R. Co.* v. *Harper,* supra ; *Central Ry. Co.* v. *Per-kerson,* 112 *Ga.* 924, 930 (4) (38 S. E. 365, 53 L. R. A. 210). When a trial judge orders a new trial on the general grounds in a damage case, this court will presume that his mind and conscience were satisfied that the verdict was unjust in some respect; not merely that he himself, if he had been acting as a juror, would not have fixed upon the amount specified in the verdict. If the judge, had he been upon the jury, could not conscientiously have given acquiescence to the verdict rendered, he is not required to approve it; and we will not control him in refusing to do so. On the other hand, if he can conscientiously acquiesce in the verdict, though it may not exactly accord with his best judgment, or though some other finding might seem somewhat more satisfactory to his mind, and if his sense of justice is reasonably satisfied, he should, in the absence of some material error of law, affecting the trial,

approve it, and this court will uphold him in so doing. See *Miller v. So. Ry. Co., 3 Ga. App.* 410 (59 S. E. .1115).

*Judgment affirmed.*