21766, 21767.   CITY OF JONESBORO *v.* WATTERSON *et al.;* and *vice versa.*

STEPHENS, J.  1. Where, upon the hearing of a defendant's motion for a new trial, the court passes an order providing that a new trial be granted unless the plaintiffs shall, within ten days from the date of the order, write off from the verdict a designated sum of money and file an instrument in writing with the clerk of the court writing off this sum, and, in the event the plaintiffs do this, the motion for a new trial is overruled and the new trial is denied, the order, under its own terms operates to grant a new trial to the defendant upon the plaintiffs' failure to comply with this condition. The following writing, filed with the clerk of the court by the plaintiffs within the required ten days designated in the order, does not amount to a writing off of the verdict: "Now comes the plaintiff in the above-stated case and in response to an order by the court in said case on May 18th, 1931, hereby agrees, expressly for the purpose of a compromise and settlement in said case, that upon the payment by defendant to plaintiffs of the sum of said judgment, less four hundred and no/100 dollars, as provided in said court order within the time as specified in said order, plaintiffs agree to compromise and settle said case and to mark the same and the judgment thereon satisfied in full of record. This response is made strictly in the interest of a compromise and settlement of said case in accordance with the terms of said court order and as herein set out; and if not consummated within the time stated, it is not to affect the rights of plaintiffs in any manner in said case." An assignment of error in a bill of exceptions brought by the defendant and presented to and certified by the trial judge after the expiration of the ten-day period provided in the order within which the plaintiff should write off the verdict, which excepted to the order upon the motion as being contrary to law, on the ground that the judge should have have sustained the motion and granted a new trial and that the conditional grant of a new trial was error, was without merit. The condition provided for in the order having failed, and the order having by its own operation become

an order unconditionally granting a new trial to the defendant, there was nothing in the order of which the defendant could complain. The judgment is therefore affirmed.

2. This being a suit to recover for alleged damage to real estate, caused by the act of the defendant in constructing a sewer through the plaintiffs' property, the damages for which were not liquidated, and the evidence presenting an issue of fact as to the amount of the plaintiffs' damage, the verdict for the plaintiffs was not demanded as a matter of law; and the effect of the order, after the expiration of the ten-day period provided therein, being an unconditional grant of a new trial to the defendant, and being the first grant of a new trial, there is no merit in the assignment of error in the so-called cross-bill of exceptions (which is a main bill of exceptions) brought by the plaintiffs and presented to and certified by the presiding judge after the expiration of the ten-day period, assigning error upon the order granting a new trial.

*Judgment affirmed on each bill of exceptions. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 22, 1932.

*William H. Reynolds,* for City of Jonesboro.
*Mundy & Wright,* contra.

