## 25092. HARDIN SUPPLY COMPANY *v.* PARKERSON.

DECIDED MAY 7, 1936.

*D. D. Smith,* for plaintiff.

*A. R. Ross, Will Ed Smith,* for defendant.

BROYLES, C. J. This was a suit on a promissory note signed by H. W. Anderson and L. J. Parkerson. Anderson filed no defense. Parkerson admitted a prima facie case for the plaintiff, and assumed the burden of proof. He pleaded as a defense that he had signed the note as surety for Anderson, the maker, that the plaintiff knew he signed as surety only, and that he was induced so to sign by certain misrepresentations of J. H. Hardin, agent and manager of the plaintiff corporation, which increased his risk so materially as to discharge him from liability on his contract of suretyship. The material parts of his testimony are substantially as follows: Hardin came to the store where I was employed, and stated to me that Anderson was indebted to the plaintiff corporation on an open account, and asked me to sign as surety on Anderson's note for the amount due, and presented a note in the form of a chattel mortgage which was filled out and signed by Anderson as maker. The mortgage covered two mules which I knew were in Anderson's possession, as he was farming on my place in Dodge County, Georgia. Hardin stated to me that Anderson had given to him a mortgage on the mules, that they were owned by Anderson, were free of all liens, and were of sufficient value to save me from any loss in the event that Anderson failed to pay the debt, and that the mortgage was a first mortgage on the mules. I told him I would not sign the note as surety if the mortgage was not a first mortgage on the mules. He assured me that it was a first mortgage, but that to be certain about it he would go himself to the court-house and examine the records and see me again. He returned the next day and said he had examined the records at the court-house, and that the mortgage was a first mortgage on the two mules, and that they were free of all other liens. "I was very busy in the store, and, believing that Mr.

Hardin was an honest and truthful man, relied upon the representations that he made to me that these mules were free of all other liens, and that the paper I was signing was a first mortgage, I signed the note as surety. At that time Mr. L. P. Skinner held a first mortgage on these same mules, and the same was on record at the court-house, but I did not know it; and when Mr. Hardin told me that there were no other liens prior to the mortgage he wanted me to sign, I had no reason to doubt his word, and relied upon what he said, and did not go to the court-house to examine the records. I believed that he had examined the records as he claimed he had, and that there were no other mortgages of record. Later on . . Mr. Skinner foreclosed his mortgage, had these mules sold, and the proceeds were paid over to him. Hardin collected nothing from Anderson. Anderson was insolvent, had nothing but the two mules, and is now totally insolvent." On cross-examination he testified as follows: "I did not go to the court-house and make any examination of the records to see if the paper I signed was a first lien on the mules. I did not make any inquiry of H. W. Anderson, the principal maker of the note, as to whether or not this paper was a first mortgage upon the mules. I did not ask him if there were any other liens on these mules. Mr. Hardin was the party who wanted the note signed by me, and the burden of looking up the title to the mules at the court-house was put upon him. He told me the first day that the mules were free of all other liens, and volunteered to go examine the records to see if any other liens were recorded. I thought he was honest and could be relied upon, and I did rely upon him to investigate the title and examine the records for other liens. He returned the next day and stated he had examined the records and this was a first lien upon the mules, and I relied upon his statements, and signed the note as surety. I could have made inquiry of Anderson before I signed the note, but did not. At the time Anderson was working for me on my farm as a cropper." Another witness substantially corroborated the testimony of the defendant. Without introducing any evidence, the plaintiff moved for a directed verdict in his favor. The motion was granted, and the jury returned the verdict as directed. On motion a new trial was granted by the court, and the plaintiff excepted.

The uncontradicted testimony of the defendant shows that he

was induced by the plaintiff's representations to sign the note as surety, that the representations were untrue and deceived him, and materially increased his risk as surety on the note. The only open question is whether, under all the facts of the case, the defendant was lacking in proper diligence to protect himself from loss; and this question should have been submitted to the jury. It follows that the directed verdict for the plaintiff was not demanded by the evidence, and that the court did not err in granting a new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*