27943. LAWSON *et al.* v. LAWSON *et al.*

DECIDED FEBRUARY 29, 1940.

*P. W. Walton, R. C. Whitman,* for plaintiffs in error.
*Evans & Milam, F. L. Evans, R. L. Murphy,* contra.

STEPHENS, P. J. Mrs. Mattie O. Lawson and W. B. Lawson brought suit in the superior court of Fulton County against Mrs. H. H. Lawson, a resident of Fulton County, and against Mrs. Josh Leach, Josh Leach, and Harry L. White, residents of Rockdale County, seeking to recover damages alleged to have been sustained by reason of the malicious, wilful, and wanton trespass of the defendants on a certain cemetery lot of the plaintiffs, and the disinterment of the body of their son therefrom. The defendants denied liability. Mrs. H. H. Lawson admitted the disinterment, and claimed that she had been the wife of the deceased, and as such

was entitled to his remains. White, who was an undertaker, admitted the disinterment by him of the body, and alleged that what he did was on instruction of Mrs. H. H. Lawson as the widow of the deceased. On the trial the court instructed the jury that it appeared from the undisputed evidence that the plaintiffs were not entitled to recover against Josh Leach and Mrs. Josh Leach, but that the plaintiffs were entitled to recover at least nominal damages against Mrs. H. H. Lawson and Harry L. White. The jury returned a verdict against Mrs. H. H. Lawson for $1, and against White for $200. White moved for a new trial, which was granted. To this judgment the plaintiffs excepted.

The only question presented is whether the court erred in granting a new trial to White. In determining this question it is immaterial as to what are the respective rights of the plaintiffs and the defendant, Mrs. H. H. Lawson, as to the body of the deceased. If Mrs. H. H. Lawson was not the widow of the deceased and therefore had no right to disinter his body, of course no such right rested with the undertaker, White, who it appears was procured by Mrs. H. H. Lawson to disinter the body. If Mrs. H. H. Lawson was the widow of the deceased and had the right to control the disposition of his body, White, in acting for and under authority of Mrs. H. H. Lawson, would have been justified in disinterring the body, unless he was guilty of trespass in going on the plaintiffs' burial lot for that purpose.

The first grant of a new trial will not be disturbed unless the verdict as found by the jury, or as directed by the judge, was as a matter of law demanded. Code, § 6-1608; *Cloud* v. *Hawkes Co.,* 18 *Ga. App.* 772 (90 S. E. 652); *Hardin Supply Company* v. *Parkerson,* 53 *Ga. App.* 342 (185 S. E. 591); *Hunter* v. *Hall,* 57 *Ga. App.* 321 (195 S. E. 327).

Where the damages sued for are not liquidated but are speculative only, and rest in the discretion of the jury under the evidence, notwithstanding the evidence may demand a finding that the defendant is liable to the plaintiff in some amount, a verdict in the amount found by the jury is not as a matter of law demanded. *Smith* v. *Maddox-Rucker Banking Co.,* 8 *Ga. App.* 288 (68 S. E. 1092); *Jonesboro* v. *Wallerson,* 45 *Ga. App.* 731 (165 S. E. 762). Assuming that the evidence demanded a finding that Mrs. H. H. Lawson had not been the legal wife of the deceased and had no

right to his body, and even assuming that White committed a trespass in going on the burial lot of the plaintiffs and removing the body therefrom, it does not appear as a matter of law that the plaintiffs' damages, which were speculative only, were in the amount found by the jury. Therefore the verdict in the amount found for the plaintiffs was not as a matter of law demanded. The grant of a new trial will not be disturbed.

*Judgment affirmed. Sutton and Felton, JJ., concur.*