35756. TIFTON PRODUCTION CREDIT ASSOCIATION *v.* BURKHALTER CHEVROLET COMPANY.

CARLISLE, J. 1. "The first grant of a new trial will not be disturbed unless the verdict as found by the jury, or as directed by the judge, was as a matter of law demanded. Code § 6-1608; *Cloud* v. *Hawkes Co.,* 18 *Ga. App.* 772 (90 S. E. 652); *Hardin Supply Company* v. *Parkerson,* 53 *Ga. App.* 342 (185 S. E. 591); *Hunter* v. *Hall,* 57 *Ga. App.* 321 (195 S. E. 327)." *Lawson* v. *Lawson,* 61 *Ga. App.* 787 (7 S. E. 2d·603).

2. Where a corporate holder of a duly recorded bill of sale to secure debt covering various items of personalty, including a described automobile, brings an action of trover to recover the automobile against another corporation, which had purchased the automobile from the grantor in the bill of sale, and the defendant, in support of its plea of estoppel, introduces evidence from which a jury would have been authorized to find that the defendant had purchased the automobile only after the plaintiff's president and general manager had by parol agreement released the automobile as security in the bill of sale, and that, although the plaintiff's by-laws prohibited such a release of security without the approval of its board of directors, the plaintiff's president and general manager had, over a considerable length of time, to the knowledge of, but without objection from, the board of directors, followed the practice of making parol releases of personalty covered by bills of sale held by the plaintiff, and this was known to the defendant and acted on by it,

and that consequently the plaintiff was estopped to enforce its right under the bill of sale against the defendant—this court cannot adjudge that a verdict for the plaintiff was demanded after its introduction of proof sustaining its action of trover.

3. Consequently, under an application of the principle of law stated in division 1 to the facts stated in division 2 of this opinion, the trial judge did not err in granting the defendant's motion for a new trial—which was based on the usual general grounds and four special grounds—in the exercise of his sound discretion, and this court will not examine the special grounds of the motion to determine their sufficiency. *Southern Ry. Co.* v. *Ledingham,* 136 *Ga.* 374 (71 S. E. 663).

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided September 7, 1955.

*R. R. Forrester, R. D. Smith,* for plaintiff in error.
*Seymour S. Owens,* contra.

