37884. ROGERS *v.* WILSON *et al.*

DECIDED OCTOBER 2, 1959.

*Robert E. Knox, E. D. Fulcher, Fulcher, Fulcher, Hagler & Harper,* for plaintiff in error.

*Randall Evans, Jr., John F. Hardin, T. Reuben Burnside,* contra.

GARDNER, Presiding Judge. 1. Special ground 1 complains that the court erred in charging the jury as follows:

"Now, I charge you, that if the jury should find that the plaintiff is entitled to recover on account of the injuries to her person, it would be the duty of the jury to determine the amount of the damage. In that connection, the court instructs you that one item of damage that is recoverable on account of injury to the person, where there is liability, is the reasonable value of her lost earnings due to such injury prior to the date of the trial. If the jury should find that the plaintiff has suffered injuries to her person which will incapacitate her or reduce her earning capacity for any time extending into the future, the jury would determine the extent of the diminution of capacity to earn money, for how long a time that loss or diminution would continue, and the reasonable value of such lost earnings. Having done that, the jury should reduce that loss to its present value, using as a basis of reduction 7% per annum as the legal value of money in Georgia. To illustrate, $100 due and payable today would be worth $100 today. $100 to become due and payable one year from today would not be worth $100 today. It would be worth today only that sum to which you would add interest at the rate of 7% per annum for one year would, principal and interest together, make $100. To carry the illustration one step further, gentlemen, $100 due and payable two years from today would not be worth $100 today; neither would it be worth as much as $100 to become due and payable one year from today. It would be worth today that sum to which when you add interest at the rate of 7% per annum for two years, would, principal and interest together, make $100. That is a method by which unearned earnings extending into the future may be reduced to their present value."

It is alleged that this excerpt was erroneous and injurious because (a) the plaintiff only sought damages for pain and suffering, mental and physical, permanent disability, and for incapacity as a normal human being as opposed to the reasonable value of her lost earnings from the date of the injuries to the time of the trial; and incapacity or diminution in earning capacity; because (b) no evidence appeared during the trial in regard to the earnings of the plaintiff prior to the accident, or diminution of earning capacity; because (c) the charge was not

authorized by the pleadings and evidence since there was no issue raised in the petition, and no evidence was introduced at the trial upon which to base such a charge; because (d) under the allegations of the petition and the evidence adduced the charged was harmful and prejudicial to the plaintiff. The judge charged that the jury should consider any incapacity of the plaintiff or any reduced or lost earnings of the plaintiff; that such charge authorized the jury to consider incorrect measures of damages and such charge could have influenced them in arriving at the amount of their verdict and would tend to make them return a larger amount than was warranted; because (e) the charge of which complaint is made was misleading and confusing to the jury in that there was no evidence to authorize the jury to use and apply the formula contained in such charge for reducing lost future earnings to their present value; because (f) there was no evidence introduced in regard to the earnings or the earning capacity of the plaintiff either before or after her injuries and no evidence to show whether or not the plaintiff was employed either before or after the injuries.

In regard to the permanency of the plaintiff's injuries, Dr. Althison, a witness for the defendant testified in part as follows: "As a result of my examination I don't think Mrs. Wilson has a permanent injury."

It is our opinion that this excerpt from the charge of the court is an incorrect principle of law as applied to the facts as depicted by this record. In *Western & Atlantic R. v. Hart,* 95 *Ga. App.* 810 (6) (99 S. E. 2d 302) this court held: "In a suit for damages on account of personal injuries resulting from a tort, where the petition alleges that the ability of the plaintiff to earn money has been decreased, it is error for the trial court to charge the jury on this element of damages, unless there is some evidence on which the jury can base with reasonable certainty a finding as to the amount of such damages."

Counsel for the plaintiff admitted that the court committed reversible error but cites certain cases in support of the argument that the case should not be reversed even though reversible error was made. Counsel for the plaintiff cites the following cases: *Justices &c. of Pike County* v. *Griffin & West Point Plank*

*Road Co.,* 15 *Ga.* 39 (5); *Crawford* v. *Gaulden,* 33 *Ga.* 173 (1); *O'Barr* v. *Alexander & Trammell,* 37 *Ga.* 195 (4); *Breed* v. *Nagle,* 46 *Ga.* 112 (4); *Huff* v. *Odom,* 49 *Ga.* 395 (2); *Western & Atlantic R.* v. *Stafford,* 99 *Ga.* 187, 188 (5) (25 S. E. 656); *Frazier* v. *Swain,* 147 *Ga.* 654 (3) (95 S. E. 211); *Williams* v. *Lane,* 193 *Ga.* 306, 307 (3) (18 S. E. 2d 481); and *Davis* v. *State,* 77 *Ga. App.* 541 (49 S. E. 2d 173).

We recognize the principle of law that in some instances infractions of the rules regarding the charges of the court may be overlooked where there is no other possible verdict than the one returned,—that is, where the evidence absolutely demands the verdict,—or where the charge is manifestly harmless error. Such does not appear in the case at bar. The court erred in giving the excerpt as covered in special ground 1 and that ground is therefore meritorious.

2. Special grounds 2 and 3 assign error in that it is alleged that the court erred in the charge (special ground 1) with reference to the measure of the plaintiff's damages. In that excerpt the court charged that the "plaintiff was seeking recovery for permanent injuries or permanent decrease in her earnings," and then charged the jury (special ground 2) as to the method of reducing the value of the plaintiff's life to its present cash value. It is contended that these excerpts from the charge are erroneous because (a) the plaintiff did not seek to recover the reasonable value of lost earnings nor did she allege that she had any earnings at the time of the injury or at the time of the trial, nor did she allege any loss of earnings due to the injuries, but rather she sought damages for pain and suffering, both mental and physical, permanent disability, and for incapacity as a normal human being; because (b) no evidence was introduced at the trial to show that any earnings were involved; because (c) the evidence and the issues involved were not a basis for such a charge; because (d) the charge authorized the jury to consider two measures of damages, thus resulting in a larger verdict; because (e) the earnings of the plaintiff, and whether or not she was employed before and after the accident, were not shown by the evidence. The objection to the complaint regarding the measure of damages is substantially the same as the

objection in special ground 2. These special grounds are meritorious because the evidence failed to show any diminished earnings whatsoever on the part of the plaintiff. As has been held in many cases by our appellate courts, it is always necessary that there be some evidence that will furnish the jury a basis for reasonable estimation of loss or diminution of capacity to earn money. See *City of Atlanta* v. *Feeney*, 42 *Ga. App.* 135, 138 (155 S. E. 370) ; *Rome Ry. &c. Co.* v. *Duke*, 26 *Ga. App.* 52 (105 S. E. 386); *Atlantic Coast Line R. Co.* v. *Anderson*, 35 *Ga. App.* 292 (133 S. E. 63) ; *City of Atlanta* v. *Jolly*, 39 *Ga. App.* 282 (146 S. E. 770) ; *Atlantic Coast Line R. Co.* v. *Ansley*, 84 *Ga. App.* 89 (65 S. E. 2d 463).

Since there is no claim for lost earnings in the petition and since there is no evidence from which to determine the value or diminution of the earning capacity of the plaintiff, we are constrained to find that the court erred in the excerpts from the charge contained in all of the special grounds.

The assignments of error set forth in the general grounds of the motion for new trial are moot in view of the reversal on the special grounds.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*