## 41534. HORNSBY v. DAVIS.

HALL, Judge. The defendant assigns error on the judgment of the trial court granting the plaintiff's motion for a new trial. The ground upon which the court granted a new trial was that the verdict for $1.00 in favor of the plaintiff, was so small and grossly inadequate as to justify the inference of gross mistake or undue bias. This ground is not specifically provided for in the Georgia Code (*Code Title* 70). *Code* § 70-208 provides: "In all applications for a new trial on other grounds, not provided for in this Code, the presiding judge must exercise a sound legal discretion in granting or refusing the same according to the provisions of the common law and practice of the courts."

"The broad discretion of the jury as to the amount of damages is not a limitation on the discretion of the trial judge to set aside the verdict when he thinks it unfair, unjust, contrary to the evidence, excessive, or too small; but is a persuasive influence not lightly to be disregarded . . . The trial judge is not to substitute his opinion for that of the jury, but merely sends the case for the opinion of another jury." *Holland v. Williams,* 3 Ga. App. 636, 638 (60 SE 331); *Smith v. Maddox-Rucker Banking Co.,* 8 Ga. App. 288 (68 SE 1092); *Smith v. Maddox-Rucker Banking Co.,* 135 Ga. 151 (68 SE 1031); accord *Southern R. Co. v. Miller,* 3 Ga. App. 410, 412 (59 SE 1115). "The determination of the question, as to whether a verdict for damages is inadequate in the legal sense, lies within the sound discretion of the trial court, which will be interfered with by the appellate court only in case of a manifest abuse of discretion." *Brown*

*v. Service Coach Lines,* 71 Ga. App. 437, 446 (31 SE2d 236);
*Lawson v. Lawson,* 61 Ga. App. 787 (7 SE2d 603); *Atlantic
C. L. R. Co. v. Stephens,* 14 Ga. App. 173 (80 SE 516);
*Duffield v. Tobin,* 20 Ga. 428; *Morrison v. Latimer,* 59 Ga.
880 (1). Since the evidence in this case was in conflict on
the question of the plaintiff's injuries and damages and no
particular verdict was demanded as a matter of law, it
cannot be said that the trial court erred in granting a new
trial on the ground that the verdict was so small and grossly
inadequate as to justify the inference of gross mistake or
undue bias.

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*

ARGUED SEPTEMBER 14, 1965—DECIDED SEPTEMBER 22, 1965—
REHEARING DENIED OCTOBER 5, 1965.

*Gambrell, Harlan, Russell & Moye, Edward W. Killorin, David
A. Handley,* for plaintiff in error.

*Bruce B. Edwards,* contra.