41381. WILLIAMS v. HERR.

ARGUED JUNE 8, 1965—DECIDED SEPTEMBER 30, 1965—REHEARING DENIED OCTOBER 25, 1965.

*Jack J. Helms,* for plaintiff in error.

*M. L. Preston, George E. Maddox,* contra.

NICHOLS, Presiding Judge. 1. Special ground numbered 5 of the plaintiff's amended motion for new trial complains of an excerpt from the court's charge as follows: "I charge you, Gentlemen, that no person shall sell or offer for sale or operate on the highway any motor vehicle, trailer or semi-trailer registered in this State and manufactured or assembled after January 1, 1954, unless it is equipped with mechanical or electrical turn signals meeting the requirements of § 68-1712 of the Code of Georgia."

This excerpt from the court's charge is taken from Sec. 108 (b) of the Act of 1953 (Ga. L. 1953, Nov. Sess. pp. 556, 605; *Code Ann.* § 68-1708), and of course was correct as an abstract principle of law. However, unless the violation of such statute would amount to negligence as between the plaintiff and the defendant so as to authorize a reduction of any damage proved by the plaintiff (comparative negligence), or as a bar to any recovery (contributory negligence), such charge was not authorized by the evidence.

As was held in *Gulf Oil Corp. v. Stanfield,* 213 Ga. 436, 437 (99 SE2d 209), the mere violation of a statute unrelated to the cause of action will neither authorize nor bar recovery.

The collision occurred when both vehicles had been traveling in the same direction on a State highway (the plaintiff preceding the defendant) and as the plaintiff proceeded to make a left turn the defendant attempted to pass her and struck the left rear or left side of her pick-up truck. The defendant pleaded that the

plaintiff made no signal, either by hand and arm, or by mechanical device, and the evidence showed that the "blinker lights" on the plaintiff's truck were not working, but there was no evidence that the plaintiff's truck was either constructed or loaded so as to require the "use" of such mechanical signaling device rather than the "hand and arm" method which the plaintiff testified she gave, and which is authorized by Sec. 70 of the Act of 1953, supra (*Code Ann.* § 68-1648 (a)). See *Camp v. Ledford*, 103 Ga. App. 197 (119 SE2d 54). The charge given was not authorized by the evidence, and, although the jury found for the plaintiff, such charge when considered with the instructions to the jury dealing with comparative negligence, could have resulted in a smaller verdict than the plaintiff was entitled to receive.

2. Special ground numbered 6, which complains that the trial court erred in failing, even without request, to charge all of Sec. 70 of the Act of 1953, supra, is controlled adversely to the plaintiff by the decision in *Camp v. Ledford*, 103 Ga. App. 197, supra.

3. The sole remaining special ground of the motion for new trial, dealing with the disqualified juror serving on the jury, doubtless will not recur on another trial and will not be passed upon, and no question as to the sufficiency of the evidence is presented. The trial court erred in overruling the special ground of the motion for new trial dealt with in the first division of the opinion.

*Judgment reversed. Felton, C. J., Frankum, Jordan and Deen, JJ., concur. Bell, P. J., Hall, Eberhardt and Pannell, JJ., dissent.*

PANNELL, Judge, dissenting. 1. In addition to the facts stated in the majority opinion, the jury was authorized to find that the truck driven by the plaintiff was a 1956 model and was owned by the plaintiff who was a resident of Atkinson County, Georgia. The jury was further authorized to find that the plaintiff gave no signal when she made a left turn, either by hand or mechanical device, and that at the time she made the turn the window on the cab of the truck was up and the mechanical signal device was not working. The grounds for

the exception to the charge as to the law requiring vehicles such as the plaintiff's truck to be equipped with mechanical or electrical turn signals in operable condition, are as follows: "(a) This portion of the charge of the court complained of authorized the jury to find that plaintiff was guilty of contributory negligence if they found that plaintiff's vehicle was not equipped with mechanical or electrical turn signals; notwithstanding plaintiff's evidence that she gave the signal required by law with her hand and arm. (b) Because there was no evidence that plaintiff's vehicle was in either of the categories listed under *Code* § 68-1648, making it mandatory that plaintiff give a turn signal by a mechanical or electrical device. (c) Because the charge complained of was not adjusted to the pleadings and the evidence, and was calculated to confuse and mislead the jury, to the great harm of the plaintiff." We are, therefore, confined to the assignments of error (a), (b) and (c) above.

The majority opinion is based upon the conclusion that there is no causal relation between the violation of Sec. 108b of the Act of 1953, given in charge by the court, and the collision which occurred in the present case, that is to say, the failure to give a mechanical signal (which the jury could have found was caused by violation of Sec. 108b) had no causal connection with the collision because the plaintiff could have given a hand signal, which she testified she did. The jury was authorized to find that she did not give the hand signal. A consideration of the question therefore involves a consideration of the requirements of that Act as to giving of signals when making a left turn.

Section 70 of the Act of 1953 (Ga. L. 1953, Nov. Sess., pp. 556, 588) provides that any stop or turn signal, when required in the Act, shall be given either by means of the hand and arm or by a signal lamp or lamps or mechanical signal device. It also provides that on certain types of vehicles (not involved in the present case) the signals must be given by a signal lamp or lamps or signal device. Section 69 provides for the giving of appropriate signals when making a left turn or right turn. It will be seen, therefore, that the law of the State does not require one signal in preference to the other under the circum-

stances of the present case, but a party making a turn may comply with the law by giving either type of signal and is guilty of violation of the statute only when he gives no signal. The violation of this statute is the failure to give an arm signal coupled with the failure to give a mechanical signal, that is, *the failure to give both,* is what constitutes negligence per se under Sec. 70. It must be both, or there is no violation under this section of the statute. The mere fact that the mechanical signal device was not working and admissions made that a mechanical signal was not given would not make the failure to give a hand signal the *sole act constituting negligence* under this section, as the negligence under this section of the statute is the concurrent failure to give both signals. It would seem to follow that any act required by law of the operator of the automobile, the failure to do which would prevent the giving of a hand signal or which would prevent the giving of a mechanical signal, could therefore be a causative factor in the concurrent failure to give both signals. To say that the cause of the failure to give a mechanical signal had no causative relation to the collision merely because the operator of the vehicle could have given an arm signal *which he did not give,* and that therefore the failure to give the arm signal was the sole proximate cause of the injury, is, in effect, to relieve a person from his negligence in not having a properly operating signal device merely because he could have given an alternate signal, even though he fails to give it. The majority holding is equivalent to saying that the fact that the plaintiff could have given a hand signal relieves her of the obligation to give a mechanical signal, even though she, in fact, fails to give a hand signal. Merely because the issue as to the giving of a mechanical or electrical signal was eliminated by admissions that it was not given, does not eliminate the causal relationship of the failure to give such signal to the collision that occurred. This is not eliminated until the jury finds that the alternate hand signal was given, in which event the failure to give the electrical or mechanical signal is not a violation of the statute. Then, and only then, does the failure to have operable mechanical signals become immaterial.

Even though it may not be alleged in the answer that the failure to have workable turn signals was an act of negligence proximately connected with the collision, and even though it may not appear from the evidence that the failure to have workable turn signals was the *sole* proximate cause of the collision, it is nevertheless not error to charge the jury that the failure to have workable turn signals is in violation of a statute and constitutes negligence as a matter of law. See *Battle v. Kilcrease,* 54 Ga. App. 808 (2) (189 SE 573). Paraphrasing the first division of the opinion in that case, it may be said the conduct of the plaintiff in driving an automobile on the highway without workable turn signal lights may, in that it is in violation of a statute, be regarded as negligence as a matter of law, although *when taken alone* such conduct may have no causal connection with the act which may have caused the injuries (the failure to give both signals). The conduct in not having workable turn signal lights is a circumstance which may be considered, in connection with her failure to give an arm signal (which the jury could have found), as tending to establish her conduct in failing to give both signals, and thus establishing her conduct as negligence under the statute requiring the giving of turn signals.

While I concede that the charge complained of might possibly have been error for some reason not assigned, and concede that it might have been error for the trial court to fail to charge the first portion of Sec. 70 of the Act of 1953 to the effect that either an arm or mechanical turn signal was sufficient compliance with the law, we are limited to the assignments of error made. The assignment of error that the charge complained of was "calculated to confuse and mislead the jury" is not sufficient to raise a question for consideration in the absence of more particulars. *Kapplin v. Seiden,* 109 Ga. App. 586, 592 (137 SE2d 55).

2. I concur in the ruling in Division 2 of the opinion.

3. The sole remaining ground of the motion for new trial complains of the disqualification of a juror because of relationship to the attorney of the complaining party who had the case on a fee contingent upon the amount of recovery. Under these

circumstances, it would be presumed that the juror was favorable to the party complaining, and the grant of a new trial would not be authorized. *Wright v. Smith,* 104 Ga. 174 (30 SE 651).

There being no grounds of the motion for new trial requiring a reversal of the case, the judgment overruling the motion for new trial should be affirmed.

I am authorized to state that Bell, P. J., Hall and Eberhardt, JJ., join me in this dissent.