41935. PEAK v. CODY et al.
41936. CODY et al. v. PEAK et al. (cross appeal).

Argued April 4, 1966—Decided April 22, 1966.

*R. Beverly Irwin, Eugene Simons,* for appellant.

*Glenn Frick, Lokey & Bowden, Ben Weinberg, Jr., Gregg Loomis,* for appellees.

JORDAN, Judge. 1. The record in this case discloses that the trial court in its order granting the new trial did specify the grounds of the motion upon which said order was predicated and the plaintiff's contention in this regard is wholly without merit. Attention is called to the fact that the Supreme Court in the recent case of *CTC Finance Corp. v. Holden,* 221 Ga. 809 (147 SE2d 427), has ruled that the Act of 1959, pp. 353, 354 (*Code Ann.* § 6-1608) which provides that the trial court must specify the grounds upon which a new trial is granted is a complete nullity and that the law as codified in *Code* § 6-1608 of the Official Code of 1933 is still in effect. This Code section provides as follows: "First grant of a new trial; disturbance.— The first grant of a new trial shall not be disturbed by the appellate court, unless the plaintiff in error shall show that the judge abused his discretion in granting it, and that the law and facts require the verdict notwithstanding the judgment of the presiding judge."

2. Special ground 8 of the defendant hotel's amended motion for new trial assigned error on the verdict as being excessive, and it cannot be said that the trial court abused its discretion in sustaining this ground and granting the motion, this being the first grant of a new trial. *Code* § 6-1608; *Smith v. Maddox-Rucker Banking Co.,* 135 Ga. 151 (68 SE 1031); s.c., 8 Ga. App. 288 (1) (68 SE 1092); *City of Jonesboro v. Watterson,* 45 Ga. App. 731 (165 SE 762); *Lawson v. Lawson,* 61 Ga. App. 787 (7 SE2d 603).

3. The trial court did not err in sustaining special ground 7 of the amended motion which complained of an excerpt from the charge injecting the issue of damages for lost earnings into this case since there was no claim for lost earnings and no evi-

dence of same. *Rogers v. Wilson,* 100 Ga. App. 301 (111 SE2d 251).

4. The instructions of the trial court on the issue of damages for future medical expenses was subject to the objections contained in special ground 6 of the amended motion for new trial upon which error is enumerated in the cross appeal, and the court on the subsequent trial of this case should clearly inform the jury that the plaintiff can recover only for those items of future medical expenses authorized by the evidence.

5. As the evidence may not be the same on the subsequent trial of this case, it is unnecessary to consider the general grounds of the motion for new trial with regard to the sufficiency of the evidence to support the verdict. *Brookman v. Reynolds,* 148 Ga. 721 (14) (98 SE 543). It is also unnecessary to consider the remaining special grounds which complain of matters which will not recur on the subsequent trial of this case since the defendant elevator company will not be a party to that trial.

6. Notwithstanding the fact that the defendant elevator company will not be a party to the further proceedings of this case in the court below since it was released by the jury's verdict in its favor to which no appeal was taken by the plaintiff (see in this connection, *Southeastern Erection Co. v. Flagler Co.,* 108 Ga. App. 831 (134 SE2d 822) and the cases therein cited), such defendant was a proper party appellee to this appeal under the provisions of *Code Ann.* § 6-802 (Ga. L. 1965, pp. 18, 20), and its motion to be dismissed as a party appellee is denied. *Munday v. Brissette,* 113 Ga. App. 147 (148 SE2d 55) reversed in part, 222 Ga. 162.

*Judgment affirmed on main appeal and reversed on cross appeal. Bell, P. J., and Eberhardt, J., concur.*