## 43126. THOMSON WHOLESALE GROCERY COMPANY, INC. v. MERRITT.

DEEN, Judge. 1. Objection is made to an instruction of the court in the language of *Code Ann.* § 68-1626 (2) to the effect that speed shall be so controlled as to avoid colliding with another vehicle. Skirting the question of whether the

objection to the charge in the trial court was sufficient, where the plaintiff testified without objection that the speed of the defendant's truck was "somewhat around 60, 65 or 70 miles an hour" and another witness, also without objection testified from having almost been hit by the defendant's driver who was passing him just a few moments before the collision that "the speed is what caused it," the instruction was amply authorized by the evidence. *Ford v. Harden,* 94 Ga. App. 902 (1) (96 SE2d 617).

2. Failure to charge the provisions of *Code Ann.* § 68-1708 relating to the necessity for mechanical turn signals on motor vehicles later than 1954 models is not error where no allegation of negligence is based thereon and it does not appear that the vehicle is such that a hand signal, which admittedly was given, could not be seen. *Williams v. Herr,* 112 Ga. App. 529 (145 SE2d 639). Recognizing that there is a conflict in evidence as to whether or not the plaintiff gave a *proper* signal, this is an entirely different matter from that involved in the ability to give a mechanical signal where a hand signal is given instead, and where, even though the truck had been equipped with mechanical signaling devices, it would still have been entirely in the discretion of the operator to give a hand signal.

3. Where the evidence is undisputed that the defendant, thinking the plaintiff was going to make a left turn, attempted to pass him on the right, and after realizing that the plaintiff intended to turn right into his driveway, was going at a speed which made it impossible for him to stop, and where the collision occurred entirely off the right side of the road, *Code Ann.* § 68-1637 relative to overtaking and passing on the left was pertinent to the fact situation and was properly given in charge.

4. In general, the excessiveness or inadequacy of a verdict constitutes a mistake of fact rather than one of law and addresses itself to the discretion of the trial judge who saw the witnesses and heard the testimony. *St. Paul Fire &c. Ins. Co. v. Dillingham,* 112 Ga. App. 422 (145 SE2d 624). This discretion will not be interfered with by the appellate court unless it manifestly appears that the trial judge abused his discretion and the verdict was the result of bias, prejudice, or gross mistake. *Hornsby v. Davis,* 112 Ga. App. 419 (145 SE2d 633). Here there was evidence of special damages, permanent physi-

766

cal injury, and pain and suffering. We cannot say as a matter of law that the verdict in the sum of $12,500 was excessive.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.* ARGUED OCTOBER 5, 1967—DECIDED NOVEMBER 16, 1967— REHEARING DENIED DECEMBER 5, 1967.

*Robert E. Knox, Warren D. Evans,* for appellant.
*Welborn Dukes, Kenneth Goolsby, Randall Evans, Jr.,* for appellee.