## 50443. RUTLAND v. FUELS, INC.

EVANS, Judge.

An automobile driven by Jerry B. Rutland collided with another automobile driven by Jimmy Lee Ballew, and owned by Fuels, Inc.

Both Rutland and his wife filed suits against Fuels, Inc. for damages arising out of the collision. In *Fuels, Inc. v. Rutland,* 123 Ga. App. 23 (179 SE2d 290), this court had for decision a review of a judgment in favor of Rutland against Fuels, Inc., which was affirmed.

Mrs. Rutland's case for loss of consortium then proceeded to trial, resulting in a verdict for $500. Plaintiff's motion for new trial, as amended, was denied, and she appeals. *Held:*

1. A suit by a husband for personal injuries, and a suit by his wife for loss of consortium, are separate and distinct claims for relief, and where tried separately, as here, there could be no possible reason why the jury could not render inconsistent verdicts. See *Blakewood v. Yellow Cab Co.,* 61 Ga. App. 149 (6 SE2d 126); *Russ Transport, Inc. v. Jones,* 104 Ga. App. 612 (122 SE2d 282). Compare *Armstrong Furniture Co. v. Nickle,* 110 Ga. App. 686 (4) (140 SE2d 72).

The court did not err in denying plaintiff's motion for directed verdict as to liability based on the judgment and

verdict against the defendant in favor of plaintiff's husband in *Fuels, Inc. v. Rutland,* 123 Ga. App. 23, supra. That case does not establish that liability has been adjudicated against the defendant here.

Moreover the jury rendered a verdict for plaintiff in the sum of $500, which was a finding in favor of liability against the defendant, hence plaintiff's motion for directed verdict as to liability is now moot.

2. As to the general grounds, contending $500 is inadequate, we believe the verdict was proper. A husband is entitled to recover as damages for loss of services of his wife, both items that may be proven and items that are not subject to proof. In the case of *Metropolitan St. R. Co. v. Johnson,* 91 Ga. 466 (3) and at pp. 471-472, Justice Bleckley uses the very graphic and beautiful language in explaining this matter as follows:

"When the loss of a wife's services, resulting from a personal injury to her, is to be compensated for, she is not to be treated as an ordinary servant or as a mere hireling. Cooley on Torts, § 226; Pennsylvania R. R. Co. v. Goodman, 62 Penn. St. 329. She sustains to her husband and his household a relation special and peculiar. Her place cannot be supplied; no other is capable of filling it. Some wives perform manual labor — others do not; yet the husbands of the latter no less than those of the former would certainly be entitled to compensation from wrong-doers for causing inability to perform service. The actual facts and circumstances of each case should guide the jury in estimating for themselves, in the light of their own observation and experience and to the satisfaction of their own consciences, the amount which would fairly and justly compensate the plaintiff for his loss. Certainly some elements of loss, such as manual labor, would be subject to estimation by witnesses; and, if evidence of this kind were produced, of course the jury should consider it together with the other facts. But what we hold distinctly is, that there need be no direct or express evidence of the value of the wife's services, either by the day, week, month, or any other period of time, or of any aggregate sum. The court committed no error in denying a new trial."

Of course, here the suit was by the wife for loss of her husband's consortium, but the rule as to measure of

damages would be the same as when the husband sues for loss of his wife's services, and as set forth in the above language quoted from *Metropolitan St. R. Co.,* supra.

In the absence of bias and prejudice, the verdict will not be overturned on the ground of inadequacy. *Hornsby v. Davis,* 112 Ga. App. 419 (145 SE2d 633); *Karlan v. Enloe,* 129 Ga. App. 1, 4 (3) (198 SE2d 331). See also *Thomson Wholesale Gro. v. Merritt,* 116 Ga. App. 764, 765 (4) (159 SE2d 107). Bias or prejudice has not been shown to exist in this case requiring the grant of a new trial.

3. The declaration of an employee tending to admit negligence which would be imputable to his employer made to an investigating police officer 45 minutes after the collision is not a part of the res gestae. Nor is it admissible in evidence as an admission against interest inasmuch as the employee is not a party to the litigation. See *Southern R. Co. v. Allen,* 118 Ga. App. 645 (165 SE2d 194); *Southern Gas Co. v. McAllum,* 95 Ga. App. 525 (2), 532 (98 SE2d 397).

The trial court did not err in excluding the testimony of the investigating officer as to a statement allegedly made to him by the defendant's driver, Ballew, at the hospital some 45 minutes after the collision.

4. The court amply and correctly instructed the jury that the plaintiff contended that the defendant's driver violated certain laws which constitute negligence per se. The court stated that to violate a valid law or statute of this state is negligence within itself and that the jury would determine whether defendant's employee and agent, Ballew, committed negligence per se. This charge was not erroneous.

5. The court did not err in stating to the jury that it becomes a question of fact for you to determine whether or not there was negligence as charged as to any or all of the contentions of negligence. The court instructed the jury to consider whether defendant's employee and agent, Ballew, was negligent in some one or more of the ways alleged.

6. The court did not err in charging the jury that sympathy and compassionate feelings for *either party* should not enter into their deliberations. See *City of Jesup v. Spivey,* 133 Ga. App. 403, 405-406 (4) (210 SE2d 859).

The charge was not argumentative, nor was it subject to any of the complaints here made.

7. There is no merit in the complaint that the court failed to correctly and completely charge that the question is whether or not any damages or injuries sustained by plaintiff are the result of negligence of the defendant's agent. The charge did not lead the jury to believe that the question of the amount of damages should never be reached by them and would not have to be decided by them. Naturally, if they did find that the defendant's agent was not negligent or that the injuries and damage sustained by plaintiff were not the result of the negligence of the defendant's agent, then the question as to amount of damages would not be reached.

8. Other grounds of the appeal are deemed to be waived or abandoned due to the method plaintiff has used in arguing plaintiff's enumerations of error. We refer especially to enumerations of error 3 and 4, which are that the court erred, "in overruling appellant's motion for new trial on each and every ground presented," and "in entering the judgment." Upon this tenuous premise plaintiff seeks in its brief to argue various and sundry special grounds of its motion for new trial. Plaintiff has failed to follow Rule 18 (Code Ann. § 24-3618) as to structure and content of its brief, which rule is for the purpose of allowing the court to correlate the errors enumerated with the arguments and citations of authority in the brief.

9. All other special grounds of the motion for new trial which have not been reviewed are deemed to have been abandoned.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED APRIL 9, 1975 — DECIDED MAY 23, 1975 — REHEARING DENIED JUNE 17, 1975 —

*Dunaway S. Perry, Marson G. Dunaway, Jr.,* for appellant.

*A. Ed Lane, G. Robert Howard,* for appellee.